■ In the Matter of DEBORAH DEROCHA, Appellant, v STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, et al., Respondents. (Appeal No. 1.)—Judgment unanimously reversed, without costs, determination annulled and petition granted in accordance with the following memorandum: Petitioner and her respective child in each case were recipients of public assistance under the Federally sponsored aid to families with dependent children program (AFDC). As a continuing condition of eligibility for such assistance each applicant is required to co-operate with local authorities in establishing the paternity of the dependent child and in obtaining support payments from the absent parent (US Code, tit 42, § 602, subd [a], par [26], cl [B]; Social Services Law, § 349-b). Due to the petitioners' failure so to co-operate, they were rendered ineligible for AFDC aid. Thereafter, respondent Lascaris recomputed the grant to each petitioner's child by a proration method, i.e., dividing the original grant for a two person household in half. Following affirmance of this decision in a determination after fair hearing, petitioners separately commenced the instant proceedings pursuant to CPLR article 78 challenging respondents' use of a

proration method of computation. The Federal regulations governing the grant of assistance under the AFDC program provide that in the event a caretaker relative is rendered ineligible for continued assistance because of a failure to comply with the afore-mentioned co-operation requirements, any aid for which the child is eligible shall be "determined without regard to the needs of the caretaker relative" (45 CFR 232.12 [e]). Similarly, the regulations of the State Department of Social Services provide that the noncomplying relative's "needs shall be excluded from consideration and the needs of the remaining family members shall be met in accordance with department regulations" (18 NYCRR 351.2 [e] [2] [vi]). Where, as here, an agency is charged with the administration of a statute, a court's review of that agency's construction of the statute or accompanying regulations is limited and, if an agency's subsequent determination has " ' " ' 'warrant in the record' " ' " and " ' " 'a reasonable basis in law" ' ", it must be upheld *(Matter of Howard v Wyman,* 28 NY2d 434, 438). In the instant case both the Federal and State regulations which provide in effect that the needs of the noncomplying parent shall not be considered are sufficiently ambiguous to permit the use of a proration method of computation, and it cannot be said that as a matter of law that respondents' determinations contravened those regulations. However, we do find that the use of a proration method conflicts with the primary intent of the AFDC program as a whole, which is the protection of dependent children (see, e.g., *Doe v Hursh,* 337 F Supp 614) and the encouragement of the care of such children in their own homes (see US Code, tit 42, § 601). Since the applicable schedules of AFDC assistance are based upon the number of persons in the household and directly reflect the inevitable economies of scale which result when a household is composed of more than one person, the proration of each child's grant in the instant cases in effect assumes that the remaining member of the household, the noncomplying parent, can still contribute to the general budget of the family. To the extent petitioners cannot so contribute, respondents' decision to prorate the original two person grant rather than award the child a full grant for a single person household penalizes the child for the presence of a noncomplying relative in the home. This result, in our opinion, directly conflicts with the avowed purpose of the assistance program, and respondents' determination must be annulled. The assistance allowance for petitioners' children should, therefore, be recomputed as if the children constituted a separate household from the noncomplying parents, and benefits restored retroactive to the date of the reduction. (Appeal from judgment of Onondaga Supreme Court—article 78.) Present—Marsh, P. J., Moule, Cardamone, Simons and Witmer, JJ.