■ In the Matter of SAMUEL GOLDSTEIN et al., Appellants, v STATE OF NEW YORK, DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Respondent.—In a proceeding pursuant to CPLR article 78 to review so much of a determination of respondent, dated November 10, 1975, as denied its protest of an order of the local rent administrator, which order failed to grant petitioner the full rent increase it had sought, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated June 22, 1976, which, *inter alia*, dismissed the petition. Judgment affirmed, without costs or disbursements, on the opinion of Mr. Justice Rubenfeld at Special Term. Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.

■ In the Matter of MADELINE PALERMO, Individually and on Behalf of Her Infant Child, GERRI-ANN PALERMO, Petitioner, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated September 9, 1976 and made after a statutory fair hearing, which affirmed a determination of the respondent Commissioner of the Nassau County Department of Social Services terminating a grant in the category of aid to dependent children on behalf of petitioner and her daughter. Petition granted and determination annulled, on the law, without costs or disbursements, and the benefits in question are directed to be reinstated retroactive to the date of their discontinuance. The grant in question was terminated on the ground that the petitioner was the registered owner of a 1969 Chevrolet automobile, and had declined to utilize its value toward the support of herself and her minor daughter. It appears, on this record, inasmuch as petitioner could not utilize public transportation to attend meetings of Alcoholics Anonymous, which helped her to maintain her sobriety, that petitioner's automobile was essential to her health, living requirements or production of income (see *Matter of Knowles v Lavine*, 34 NY2d 721, 722; *Matter of Thornton v Lavine*, 51 AD2d 640, 641). In any event, the petitioner's failure to comply with the demand of the local agency could not serve to deprive her minor daughter of the assistance which she was entitled to receive, in the absence of any indication in the record of a present lack of need (see *Matter of Ryan v New York State Dept. of Soc. Servs.*, 40 AD2d 867; *Matter of Zabala v Lavine*, 48 AD2d 880, 881). Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.