Roger J. Miner, J.
Petitioner seeks to annul a decision made after a fair hearing wherein it was determined that the public assistance grant to petitioner and her three minor *600 children should be provided on a pro rata basis for the eligible family members only. (18 NYCRR 352.30 [d].) She contends that each eligible person in the family should receive a full grant.
It appears that petitioner is 29 years of age and resides with her husband and three children at Hurleyville, Sullivan County. By virtue of the failure of petitioner’s husband to register with the New York State Employment Service, a determination was made that the husband was ineligible for public assistance.
Following the determination of ineligibility, a grant of public assistance was made for petitioner and her three children under the aid to dependent children program (ADC). The grant was computed on a pro rata basis, taking into account the ineligibility of the husband in the family unit. Payment was therefore made on the basis of four fifths of the full grant for a five-person family, rather than on the basis of a full grant for a four-person family. Since the tables established for public assistance reflect economies of scale, the former method of computation apparently yields $43 less per month to the petitioner’s family than the latter method.
The pro rata computation method adopted by respondent is improper. It penalizes the children for the presence in the house of the ineligible parent and is based on an erroneous presumption that the noncomplying parent can contribute to the family budget. (Derocha v Berger, 55 AD2d 1042.)
Where one member of the family is sanctioned by loss of assistance it is not permissible to apply automatically the pro rata method in computing assistance for the remaining members. (Foran v Dimitri, Supreme Ct, Broome County, Swartwood, J., Index No. 112593; Wood v Parry, Supreme Ct, Orange County, Dickinson, J., Index No. 1090/75; Bailey v Parry, Supreme Ct, Orange County, Sweeny, J., Index No. 3543/76; Elceser v Toia, Supreme Ct, Dutchess County, Jiudice, J., Index No. 1976/2742; Edwards v Toia, Supreme Ct, Sullivan County, Miner, J., Index No. 722/77.) The application of this rule does not cause an ineligible family member to "gain by his wrongdoing” as contended by respondents; it enables the other family members to avoid a penalty which should be directed only to the sanctioned member.
Submit judgment for petitioner.