■ In the Matter of HILDE SNOWBERGER, as Parent of Her Infant Child, NORMA SNOWBERGER, Petitioner, v PHILIP L. TOIA, as Commissioner of the

New York State Department of Social Services, et al., Respondents.—Determination unanimously annulled, without costs, and petition granted. Memorandum: Following Michael Snowberger's birth in March, 1976, his 16-year-old mother, Norma Snowberger, applied for public assistance on his behalf. Michael and Norma reside with her mother, Hilde Snowberger, and Norma's brother and sister, both minors. Hilde supports herself and her own children, including Norma. Thus we are concerned here only with the calculation of the amount of Michael's grant which is provided for under the category of aid to dependent children. Initially, it is claimed, and we agree, that the determination of the local agency, which was sustained in a decision by respondent Toia following a fair hearing, improperly computed Michael's grant on the basis of a two-person household consisting of himself and Norma. Subdivision 3 of section 131-a of the Social Services Law establishes a schedule of the amount to be disbursed which is based upon the number of "eligible needy person[s]" in the household. Since Norma's needs are met by Hilde, she is not an eligible needy person and may not be counted in determining the number of persons in the statutory household. Moreover, the regulation of the Department of Social Services entitled "Persons included in the budget" provides, in part, that "For budgetary purposes the agency shall include in its estimate of need and application of income all persons applying for or receiving public assistance and care and living as a unit within the same household" (18 NYCRR 352.30 [a]). Here, the only person seeking or receiving public assistance in the Snowberger household is Michael and, therefore, he is the only person in the household for purposes of computing the grant. The second issue presented is whether Michael's grant may be reduced by the amount of a monthly Social Security payment of $41.50 which Hilde receives on behalf of Norma. In our view, this amount should not be deducted from the grant. Respondents assert that since Norma is supported by Hilde, the Social Security benefit must be considered to be available for Michael's needs. However, this position disregards the requirement that Hilde apply the Social Security payment "only for the use and benefit of such beneficiary in the manner and for the purposes determined by [her] to be in the beneficiary's best interest" (20 CFR 404.1603). While the payments may be used for Michael's benefit (see 20 CFR 404.1607), the respondents may not compel such an application (*Johnson v Harder*, 383 F Supp 174, affd 512 F2d 1188, cert den 423 US 876). Additionally, a State plan in the category of aid to families with dependent children may consider when establishing the amount of the assistance payment, "only such net income as is actually available" (45 CFR 233.90 [a]). Here Norma's testimony that her income from Social Security was expended for her needs is uncontroverted. Therefore, it may not be concluded that the same income is "actually available" for Michael's support. (Article 78 proceeding transferred by order of Chautauqua Supreme Court.) Present—Marsh, P. J., Moule, Simons, Dillon and Denman, JJ.