■ In the Matter of JENNIFER EDWARDS, On Behalf of Her Infant Son, MICHAEL BURYIAK, JR., Respondent, v PHILIP L. TOIA, as Commissioner of the New York State Department of Social Services, Appellant, and ROBERT B. TRAVIS, as Commissioner of the Sullivan County Department of Social Services, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered April 28, 1977 in Sullivan County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to reverse and annul a fair hearing determination of the State Commissioner of Social Services and directed that petitioner's infant son be provided with a full one-person grant of public assistance. Petitioner, an emancipated mother, applied to Sullivan County for a grant of assistance for herself and her infant son. The application was denied on the ground that petitioner had failed to utilize an available resource. After a fair hearing Commissioner Toia upheld the denial of the application. An article 78 proceeding was commenced to challenge the determination and Special Term held that while petitioner was ineligible, assistance could not be withheld from her infant son. We affirmed that portion of the judgment holding petitioner to be ineligible (Matter of Edwards v Travis, 57 AD2d 687); no appeal was taken from that portion of the same judgment directing that benefits be payable to the infant. The local agency in computing the amount of public assistance to be paid under the Aid to Dependent Children (ADC) program, determined that the grant should be $150 per month, one half the amount budgeted for two people. Petitioner challenged this computation, contending her child was entitled to $228 per month, the amount budgeted for one individual. After a fair hearing, Commissioner Toia upheld the local agency's method of computing the grant. Special Term annulled the commissioner's determination. This appeal raises the issue of whether it is proper to compute an ADC grant on a pro rata basis, where the child is living with an ineligible parent. The judgment should be affirmed. While appellant is correct in his contention that paying a dependent child a full one-person household allowance, rather than a pro rata share of a two-person household allowance, benefits the ineligible parent with whom the child resides, the unmerited parental benefit must be indulged lest the primary purpose of the ADC program that an eligible child receive full benefits be frustrated. Diminution of aid to children where parents refuse to utilize available resources has been uniformly condemned. In Matter of Palermo v Toia (56 AD2d 889) and in Matter of Zambala v Lavine (48 AD2d 880), determinations terminating child assistance were reversed, despite parental ownership of motor vehicles which they refused to utilize toward family support. Similarly, in Matter of Payne v Sugarman (39 AD2d 720, affd 31 NY2d 845), infant assistance was reinstated even though a parent refused to execute a

bond and mortgage on realty. In *Matter of Sabot v Lavine* (42 NY2d 1068) the Court of Appeals held that nominal amounts in children's savings accounts should be disregarded as available resources in determining eligibility for assistance in the category of aid to dependent children (cf. *King v Smith,* 392 US 309, 320-327). ADC is a Federal program which must be administered by the States in accordance with Federal standards *(Matter of Lumpkin v Department of Social Servs. of State of N. Y.,* 59 AD2d 485) and the intent of Congress, in its adoption of section 601 *et seq.* of title 42 of the United States Code, which sets forth the requirements of need and dependency for the Aid to Dependent Children grant, was to secure such grants for eligible children, notwithstanding a refusal of a parent to utilize an available resource *(Payne v Sugarman, supra).* When there is a finding of need, as here, minor children may not be deprived of the assistance they are entitled to receive *(Matter of Ryan v New York State Dept. of Social Servs.,* 40 AD2d 867) nor may the amount of that assistance be reduced by a pro rata computation *(Matter of Derocha v Berger,* 55 AD2d 1042). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr. and Larkin, JJ., concur.