■ In the Matter of BONNIE FORAN, Respondent, v PETER DIMITRI, as

Commissioner of the Broome County Department of Social Services, et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered January 3, 1977 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to reverse and annul the fair hearing determination of the Commissioner of the Department of Social Services of the State of New York dated March 22, 1976. Petitioner and her two children were recipients of Aid to Families with Dependent Children. In October, 1975 petitioner was notified by the Broome County Department of Social Services that she was ineligible for the grant for a 30-day period by reason of her refusal to accept referral for employment. The grant to petitioner and her two children was then reduced on a pro rata basis in accordance with a regulation of the New York State Department of Social Services (18 NYCRR 352.30 [d]) which provides as follows: "When an applicant or recipient willfully fails or refuses to comply with the requirements of Part 385 of this Title, the needs of the family shall be determined as if he were a member of the family; however, the grant shall be provided on a prorata basis for the eligible family members only." After a "fair hearing", the Commissioner of the New York State Department of Social Services affirmed the determination of the Broome County Department of Social Services. Petitioner then commenced this proceeding. Special Term reversed the determination of the Commissioner of Social Services, concluding that the regulation (18 NYCRR 352.30 [d]) "insofar as it requires a pro-rata reduction of benefits based on the inclusion of the person found ineligible and sanctioned in the family is not compatible with the statute" (Social Services Law, § 131-a, subd 3), and that "benefits shall be recomputed and paid commencing as of February 1, 1976, as though the mother were not a member of the household for so long as she remains sanctioned and ineligible absent proof of change in the needs of the children". On this appeal, the appellants contend that the proration policy applied in the case at bar is not irrational or unreasonable and should be sustained. Petitioner does not question the propriety of the finding that she became ineligible by reason of her refusal to accept referral for employment. The only issue on this appeal is whether the grant should be computed pursuant to section 131-a of the Social Services Law on the basis of three persons in the household and prorated or computed on the basis of two persons in the household, disregarding the petitioner as a member of the household. The appellant's decision to prorate the original three-person grant rather than to award the children a full grant for a two-person household penalizes the children for the presence of a noncomplying relative in the home and conflicts with the avowed purpose of the assistance program, which is the protection of dependent children and the encouragement of the care of such children in their own homes (*Matter of Edwards v Toia,* 61 AD2d 1089; *Matter of Derocha v Berger,* 55 AD2d 1042; *Payne v Sugarman,* 39 AD2d 720, affd 31 NY2d 845). The other family members should not be penalized for the wrongdoing of the sanctioned member. The judgment should, therefore, be affirmed. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Staley, Jr., Larkin and Mikoll, JJ., concur.