OPINION OF THE COURT
Roger J. Miner, J.
This is a proceeding to annul a determination of the Sulli *605 van County Social Services Commissioner that a public assistance grant to John Mathew Ross, an infant, be made on the basis of one half the full grant for two persons. Petitioner contends that the infant should receive a full grant for one person.
 It appears that Dorothy Ross, 20 years of age, is the mother of the infant, who was born on February 9, 1978. Ms. Ross resides with her son and her parents at Roscoe, New York and is ineligible for public assistance. (Social Services Law, § 101.)
Respondents concede that the infant is entitled to a grant of public assistance. Pursuant to regulations promulgated by respondent State commissioner, a household consisting of one person is entitled to a monthly grant of $94 and a household consisting of two persons is entitled to a monthly grant of $150. (18 NYCRR 352.1.) Applying a pro rata method of computation, the petitioner has been awarded one half of $150 or $75 per month.
The pro rata approach adopted by respondents is improper. An eligible child is entitled to full benefits and the amount of assistance cannot be reduced by a pro rata computation in light of the purposes of the aid to dependent children program. (Matter of Derocha v Berger, 55 AD2d 1042; Matter of Edwards v Toia, 61 AD2d 1089.) Although respondents argue that Edwards and other cases cited by petitioner involved "sanctions” applied to a parent rather than ineligibility of the parent, as here, the court finds that no significant distinction is presented. (Matter of Snowberger v Toia, 60 AD2d 783.)
Respondents’ contention that petitioner has failed to exhaust her administrative remedies in that there was a failure to apply for a fair hearing is rejected. "The rule of primary administrative jurisdiction has no application where only a question of law is involved”. (1 NY Jur, Administrative Law, § 215; cf. Matter of Bier v Sarafan, 54 AD2d 1054.) Moreover, a fair hearing here would be meaningless and futile since respondent State commissioner has, in similar cases in the past, consistently maintained the position taken here. The practical burden which would be placed upon this needy petitioner under these circumstances mandates a finding that the administrative remedy is inadequate. (8 Weinstein-KornMiller, NY Civ Prac, par 7801.08.)