OPINION OF THE COURT
Irving A. Green, J.
This CPLR article 78 proceeding is for the judicial review of *602 fair hearing determinations sustaining the decision of the Orange County Department of Social Services to extend grants of Aid to Dependent Children (ADC), namely, the above-named infant petitioners, for periods during their respective gestation, as follows: Jennifer Hinson — December 14, 1976, to birth; Beth Burroughs — December 13, 1976, to February 2, 1977, in a reduced or pro rata amount equal to one half of the scheduled basic allowance for a household of two (18 NYCRR 352.1; Social Services Law, § 131-a). The petitioners further seek review by this court of their denial of ADC grants retroactively commencing with the fourth month of their mother’s pregnancy which antedates the dates of their applications for such grants. The facts concerning the financial circumstances or needs of the infant petitioners are not in dispute.
Applications for ADC grants for the benefit of the infant petitioners were submitted on December 13, 1976, and December 14, 1976, respectively, during their period of gestation and prior to their respective births. At the time of such applications the mothers of such unborn children resided with their respective parents.
There is no dispute that the only persons applying for or a recipient of public assistance are the petitioners. The mothers of petitioners, having all their needs met by their respective parents, were ineligible to receive aid. As a consequence, in the common household in which petitioners reside, whether as a true related family unit or as separate families sharing a common dwelling as a matter of convenience, only the petitioners seek or receive public assistance. In determining the number of persons in the statutory household described in section 131-a of the Social Services Law, the Appellate Division, Fourth Department, has held the Department of Social Services may not include persons who are not eligible for assistance (Matter of Snowberger v Toia, 60 AD2d 783). Independent research has failed to disclose that the Appellate Division, Second Department, has passed upon this precise question. However, such court has frequently reiterated the proposition that the right of a minor to receive public assistance is not affected by its parent’s loss of eligibility to receive aid by reason, for example, of the parent’s lack of required cooperation with the department (see, e.g., Matter of Palermo v Toia, 56 AD2d 889).
The language of Federal and State statutes and regulations, *603 as well as the mainstream of judicial opinion, expresses society’s overriding concern for the needs and welfare of dependent needy children. It has been said that the use of a proration method of aid to needy children conflicts with the primary interest of the ADC program as a whole (Matter of Derocha v Berger, 55 AD2d 1042).
The court has been unable to find any adjudication by competent judicial authority sanctioning the proration of an ADC grant in this case. In Matter of Padilla v Wyman (34 NY2d 36), the Court of Appeals considered proration of public assistance grants to a family unit, all of which persons were recipients of public assistance. In that case, the court approved reduction in amounts of grants to recipients in a multiperson household since the per capita public cost in its common maintenance will be less. Nevertheless, the court in the Padilla case carefully noted (p 41): "From the standpoint of the administration of welfare programs there is a difference of some substance between a family composed entirely of persons on public assistance and one which includes both welfare recipients and self-supporting persons.”
In this case, only the petitioners each seek public assistance for the period aforesaid. Public assistance is neither requested nor received by the other members of the subject fámilies’ household units. It is settled that the infant petitioners are entitled to aid during their period of gestation (Matter of Rankin v Lavine, 41 NY2d 911).
It is the view of this court that the broad social goals sought to be achieved through the ADC program, by providing basic financial assistance to needy dependent children, will be advanced by adoption of the reasoning of the court in Matter of Snowberger v Toia (60 AD2d 783, supra), to which this court is persuaded.
Accordingly, that branch of this proceeding which seeks to annul respondent’s determination as to proration of the grant is granted. The assistance allowance for petitioners shall be recomputed as if each petitioner constituted a separate household and benefits restored retroactive to the date of application for benefits less any benefits paid during the relevant period.
The branch of the application which seeks permission for petitioners to proceed as poor persons is granted.
In all other respects the petition is denied.