In the Matter of MONICA GABEL et al., on Behalf of Themselves and Their Minor Children, Respondents, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, Appellant, and JAMES REED, as Director of the Monroe County Department of Social Services, Respondent.

Fourth Department, November 3, 1978

### APPEARANCES OF COUNSEL

*Louis J. Lefkowitz, Attorney-General (Charles J. Genese* of counsel), for appellant.

*Marianne Artusio* for Monica Gabel and another, respondents.

### OPINION OF THE COURT

CARDAMONE, J.

We are called upon to decide whether proration of a home relief grant plainly authorized by the Department of Social Services Regulations (18 NYCRR 352.30 [d]) is in conflict with the intent of sections 131 and 131-a of the Social Services Law. We believe that there is a conflict and that the challenged regulation may not stand.

This appeal is from a judgment granted at Special Term in an article 78 proceeding which reversed and annulled the order of respondent, Philip Toia, State Commissioner of Social Services, which had affirmed the determination of James Reed, Director of Monroe County Department of Social Services, and reduced the grant to petitioner, Monica Gabel, by removing therefrom the prorated share of her husband, Leon Gabel.

Petitioners are recipients of home relief assistance from the Monroe County Department of Social Services. On September 14, 1976 the local agency determined to remove Leon Gabel from the grant on the ground that he failed to report to a

work-experience program without good cause. Pursuant to 18 NYCRR 385.7 (a), he was determined to be ineligible for assistance for 30 days, although subsequently he would be permitted to reapply. The sanction was to run from September 25, 1976 to October 24, 1976.

As a result of this sanction, the remainder of the family with whom Leon Gabel lived, i.e., his wife, Monica Gabel, and their two children, ages seven and four, were to receive three fourths of the household's monthly recurring grant of public assistance in the home relief category. Petitioner Monica Gabel contended that this grant was inadequate and requested a fair hearing pursuant to subdivision 9 of section 131 of the Social Services Law. On November 23, 1976 following the fair hearing, respondent Toia issued his decision determining that Leon Gabel was properly terminated from the household's public assistance grant. The evidence adduced at the hearing showed that Leon Gabel failed to report to work and did not timely submit medical evidence in support of his claim that he was unemployable. In fact, the proof was that he was employable within certain limitations.

Thereafter the petitioners requested an amended fair hearing decision issued specifying how the reduced family grant would be calculated. Such decision was made on December 23, 1976, concluding that the grant would be reduced by removing Leon Gabel's prorated share therefrom pursuant to 18 NYCRR 352.30 (d). Petitioner Monica Gabel contends that after eliminating her husband, Leon, the public assistance grant should be computed for a family consisting of three persons which would result in a monthly grant of $395 instead of the $468 the family of four had been receiving. The commissioner prorated the four person allowance by three fourths and on that basis granted the Gabels $351 per month.

On appeal the State commissioner contends that 18 NYCRR 352.30 (d) as promulgated is rational and reasonable and not in conflict with the intent of the Social Services Law. The statute provides, insofar as pertinent, that social services officials shall provide adequately for those unable to maintain themselves and "[t]hey shall, whenever possible, administer such care, treatment and service as may restore such persons to a condition of self-support or self-care" (Social Services Law, § 131, subd 1). The statute further makes clear that "social services officials shall * * * provide home relief * * * and aid to dependent children, to needy persons who constitute or are

members of a family household, who are determined to be eligible in accordance with standards of need established in subdivision two." (Social Services Law, § 131-a, subd 1.) Subdivision 3 of section 131-a continues: " 'Persons and families determined to be eligible by the application of the standard of need * * * shall receive maximum monthly grants and allowances' ".

The challenged regulation states: "(d) When an applicant or recipient willfully fails or refuses to comply with the requirements of Part 385 of this Title, the needs of the family shall be determined as if he were a member of the family; however, *the grant shall be provided on a prorata basis for the eligible family members only"* (18 NYCRR 352.30 [d]; emphasis supplied).

■ ■ It is well settled that "the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld" *(Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Bernstein v Toia,* 43 NY2d 437, 448). However, the commissioner may only promulgate rules to implement the law. There is "no authority to create a rule out of harmony with the statute" *(Matter of Jones v Berman,* 37 NY2d 42, 53; *Matter of Harbolic v Berger,* 43 NY2d 102, 109). In other words, the "rule" must be consonant with the statutes whose purposes it seeks to further *(Matter of Dumbleton v Reed,* 40 NY2d 586, 588).

The validity of the 30-day sanction imposed by the challenged regulation has been upheld with respect to the person who refuses to work *(Matter of Barie v Lavine,* 40 NY2d 565). The statute specifically states that "[a]ny person who refuses to report for or to perform work to which he has been assigned * * * shall thereupon become ineligible for home relief" (Social Services Law, § 164, subd 4). Consistent with that statute, the regulation denies home relief benefits for a 30-day period and until such time as such person is willing to work to "[a] person who without good cause fails or refuses" to accept referral to a rehabilitation program (18 NYCRR 385.7 [a]).

■ Concededly, Leon Gabel refused to work. The question is whether the sanction properly imposed is limited in its application solely to him. The problem arises because the challenged regulation refers only to the failure of the applicant, but then goes on to provide a pro rata basis for determining

family needs. It thus imposes upon the family and not the refusing *person* alone the economic penalties of reduction in grant. Appellant has not referred us to any language in the Social Services Law consistent with the tenor of the challenged regulation. In our view the commissioner has created a "rule" out of harmony with the statute which has as its stated purpose to maintain and strengthen family life and to provide aid to dependent children and eligible needy persons who are members of a family household. Reducing the grant by proration provides a strong incentive for the defaulting parent to absent himself from the family unit since it is obvious that his family fares better economically without him than it does with him present.

We previously held that proration conflicts with the intent of the AFDC program *(Matter of Derocha v Berger,* 55 AD2d 1042, 1043). Such decision has equal application to a home relief grant because the purpose of New York's Social Services Law is premised on the same concepts as the Federally funded AFDC program. Other courts have refused to uphold the validity of regulations which penalize needy children on account of parental failure or default *(Matter of Payne v Sugarman,* 39 AD2d 720, affd 31 NY2d 845; *Matter of Palermo v Toia,* 56 AD2d 889; *Matter of Foran v Dimitri,* 62 AD2d 1124, 1125).

We conclude that validity and effect should not be given to this regulation adopted ostensibly to implement the legislative scheme but which, even if not unreasonable, is in conflict with it *(Matter of Sabot v Lavine,* 42 NY2d 1068, 1069).

Accordingly, the judgment should be affirmed.

MARSH, P. J., SIMONS, DILLON and SCHNEPP, JJ., concur.

Judgment unanimously affirmed, without costs.