In the Matter of JOANNE FROST, Respondent, v BARBARA BLUM, as Acting Commissioner of the New York State Department of Social Services, Appellant, and MURIEL O'CONNOR, as Commissioner of the Sullivan County Department of Social Services, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered June 6, 1978 in Sullivan County, which reversed a fair hearing decision and ordered certain sums paid to petitioner on behalf of her infant child. Petitioner applied for public assistance under the Aid to Dependent Children (ADC) category for her unborn child. The birth of the child has largely mooted the question as to this petitioner, but in view of the public importance of the issue and its likelihood to recur, we deem it appropriate to determine the legal issue. The Department of Social Services granted the child a prorated share of a two-person family allotment. Petitioner contends that the child should receive the full grant for a household of one. We agree. New York State has elected to provide aid to unborn children *(Matter of Bates v Toia,* 45 NY2d 460).

Section 131-a of the Social Services Law governs monthly grants. It provides, in pertinent part, as follows: "social services officials shall, in accordance with the provisions of this section and regulations of the department, provide * * * aid to dependent children, to needy persons who constitute or are members of a family household, who are determined to be eligible in accordance with standards of need established in subdivision two. *Provisions for such persons * * * shall be made in accordance with this section.*" (Social Services Law, § 131-a, subd 1; emphasis added.) "Persons and families determined to be eligible by the application of the standard of need * * * shall receive maximum monthly grants and allowances in all social services districts in accordance with the following schedule, for * * * aid to dependent children: Number of Persons in Household One $94—Two $150" (Social Services Law, § 131-a, subd 3). We find no other provisions in the statute that set other standards of aid or permit the commissioner to do so by regulation. Proration is unlawful with respect to born children receiving ADC *(Matter of Foran v Dimitri,* 62 AD2d 1124, mot for lv to app den 45 NY2d 706). In establishing a different measure of assistance to unborn children, the commissioner is promulgating regulations which are contrary to the Social Services Law. Judgment affirmed, with costs to petitioner. Mahoney, P. J., Staley, Jr., and Mikoll, JJ., concur.

Greenblott and Main, JJ., dissent and vote to reverse in the following memorandum by Greenblott, J. Greenblott, J. (dissenting). The issue presented by this appeal is whether the commissioner may prorate an ADC grant for an unborn child where the pregnant mother has no unmet needs. In our view, she may, and we, therefore, dissent and vote to reverse. At the time of the commissioner's determination, petitioner was pregnant, 19 years old and resided with her parents who took care of her needs. Pursuant to 18 NYCRR 352.30 (c), however, petitioner's household was increased by one person, and assistance in the amount of $75 per month was provided for the needs of her unborn child. This amount was one half of the preadded allowance for a two-person household under subdivision 3 of section 131-a of the Social Services Law. Petitioner objected to the adequacy of the grant on behalf of her unborn child, and she commenced this proceeding to receive $94 on behalf of the unborn child, the amount allowed by statute for a one-person household (Social Services Law, § 131-a, subd 3). The method of budgetary computation in this case was a reasonable interpretation of the commissioner's regulations with respect to grants on behalf of unborn children. In our view, the cases in which proration of public assistance grants for born persons have been struck down are inapposite to the case before us, since the statutory and regulatory basis and purpose for such grants are different than for unborn children. For example, in *Matter of Foran v Dimitri* (62 AD2d 1124, 1125, mot for lv to app den 45 NY2d 706) this court upheld the invalidation of the proration policy where the mother, but not her two children, was declared ineligible for ADC assistance. We explained that proration "penalizes the children for the presence of a noncomplying relative in the home and conflicts with the avowed purpose of the assistance program, which is the protection of dependent children and the encouragement of the care of such children in their own homes [citations omitted] The other family members should not be penalized for the wrongdoing of the sanctioned member." To the same effect is *Matter of Edwards v Toia* (61 AD2d 1089, mot for lv to app den 44 NY2d 649), where this court held that minor children may not be deprived by a pro rata computation of the assistance to which they are entitled where there has been a finding of need (see, also, *Matter of Derocha v Berger,* 55 AD2d

1042). Although an unborn child has needs separate and distinct from its mother *(Matter of Catoe v Lavine,* 51 AD2d 545, mot for lv to app den 39 NY2d 709; *Matter of Rankin v Lavine,* 50 AD2d 1091, affd 41 NY2d 911; *Matter of Boines v Lavine,* 44 AD2d 765, mot for lv to app den 34 NY2d 519, cert den 419 US 1040), such needs are not independent of its mother and by definition are not the same as a born child. Thus, the rationale behind the invalidation of proration, i.e., it is improper to penalize needy children because of the ineligibility and wrongdoing of a family member, is inapplicable here, for an unborn child is not being penalized by proration where its mother has no unmet needs. Where, as here, an agency is charged with the administration of a statute or accompanying regulations, judicial review of that agency's construction of the statute is limited. The construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, must be upheld, as must an agency's subsequent determination which has "warrant in the record" and a "reasonable basis in law" *(Matter of Howard v Wyman,* 28 NY2d 434, 438). In our view, the commissioner's interpretation of the department's regulations, providing that a pro rata share of a two-person allowance is sufficient for pregnant women who are ineligible for public assistance to accumulate sufficient resources to provide for the newborn child, is reasonable. In *Matter of Rankin v Lavine (supra),* the Court of Appeals pointed out that the commissioner's remedy lies in her own regulations, and here, the commissioner has amended the regulations to give written effect to her previous interpretations (see 18 NYCRR 352.30 [c]). Accordingly, the judgment appealed from should be reversed; the determination confirmed and the petition dismissed, without costs.