OPINION OF THE COURT
Robert H. Wagner, J.
This proceeding is brought pursuant to CPLR article 78 by petitioner, Patricia De Jonge, to challenge the adequacy of the public assistance grant she receives on behalf of her unborn child.[1] The petitioner is not in need or receipt of public assistance for herself but receives Aid to Families with Dependent Children (AFDC) benefits for her unborn child. In computing the grant level the respondents W. Burton Richardson as Director of the Monroe County De *1002 partment of Social Services, and Barbara Blum as Commissioner of the Department of Social Services of New York, prorated the allowance for the unborn child so as to provide one half of a two-person grant or $75 rather than a full one-person grant of $94 per month. The petitioner contends that this proration formula is arbitrary and capricious and affected by error of law. Commissioner Blum asserts she has recently amended her regulations and that 18 NYCRR 352.30 (b) as amended,[2] provides the basis for prorating the grant to the unborn De Jonge child.
Petitioner, Patricia De Jonge, 19 years of age, resides with her parents in their home and they provide her support and shelter needs. Patricia De Jonge was in receipt of AFDC benefits for her unborn child from the fourth month of pregnancy and presumably is now in receipt of AFDC benefits for her newborn child. She has no income of her own and the child receives no support from the father or grandparents. Following a fair hearing on June 3,1980, Commissioner Blum affirmed respondent Richardson’s decision to prorate the AFDC grant on behalf of Patricia De Jonge’s unborn child, stating in her July 21,1980 decision: “Pursuant to the provisions of Section 352.30 [c] of the Regulations of the State Department of Social Services the needs of an unborn, from the fourth month of pregnancy, shall be met on a prorata basis even though the pregnant mother has no unmet needs. Accordingly, the agency properly undertook to provide the appellant with a pregnancy allowance based on a prorated share of the basic allowance for a household of two.”
It is of some significance that an unborn child, unlike a born child, does not come within the definition of a “dependent child” as contained in the Social Security Act (US Code, tit 42, § 602, subd [a], par [10]; Burns v Alcala, 420 US 575, 578-579). It appears that the regulation[3] authorizing Federal participation is based on the Department of *1003 Health, Education and Welfare’s general authority to make rules for efficient administration of the Social Security Act (US Code, tit 42, § 1302), rather than being based on the Federal eligibility standard (Burns v Alcala, supra, p 584). Thus, a State may elect but is not required to pay, with Federal assistance, AFDC benefits to pregnant women.
In two relatively recent cases, the New York Court of Appeals had occasion to consider the issue of whether New York has elected to pay benefits for unborn children (Matter of Rankin v Lavine, 41 NY2d 911) and to review the validity of that election (Matter of Bates v Toia, 45 NY2d 460). In Matter of Rankin v Lavine (supra, p 912), the Court of Appeals, in holding that New York has elected to pay with Federal assistance, AFDC benefits to pregnant women, stated: “In New York, the Department of Social Services, by its own regulations issued in pursuance of its statutory authority (Social Services Law, §§ 20, 34), within the compass of the statutory eligibility standard for aid to dependent children benefits (Social Services Law, § 349), extended coverage to unborn children, provided that the mother’s pregnancy is medically established. (18 NYCRR 269.2 [a] [1] [i]; Matter of Boines v Lavine, 44 AD2d 765, mot for lv to app den 34 NY2d 519, cert den 419 US 1040.)” The court went on to note (supra, p 912): “The commissioner’s remedy lies in his own regulations, not in the courts.”
In Matter of Bates v Toia (supra) the Court of Appeals upheld the validity of the commissioner’s regulations which permitted eligible women to claim recurring AFDC grants after the fourth month of a medically verified pregnancy. The court found no conflict between Federal law, which permitted but did not require States to provide Federally funded AFDC benefits to pregnant women for their unborn children and the commissioner’s regulations which elected to make such benefits available in New York. In addition, the court found that the commissioner had the authority under the Social Services Law to promulgate the regulations in question. The court stated (pp 464-465):
“The commissioner is vested by statute with broad rule-making power to effectuate the duties of his office (Social *1004 Services Law, §§ 20, 34), and more specifically with respect to the administration of the State AFDC program is directed to ‘act for the state in any negotiations relative to the submission and approval of [an AFDC plan] and make any arrangement which may be necessary to obtain and retain such approval and to secure for the state the benefits of such federal act relating to aid to dependent children’ (§ 358, subd 1). Thus, it is evident that the Legislature has given the commissioner broad authority to maximize the Federal AFDC reimbursement rate available to the State by conforming the State plan to the optional payment provisions of the Federal program.
“By furnishing indigent women with AFDC benefits so that proper prenatal care so vital to physical and mental well-being of the unborn child can be provided, both the Legislature and commissioner have recognized and fulfilled their constitutional obligation (NY Const, art XVII, § 1) to aid the needy (see Matter of Catoe v Lavine, 51 AD2d 545, mot for lv to app den 39 NY2d 709). *** Although the Legislature certainly could have provided otherwise and the commissioner could have chosen not to make these benefits available, the relevant statutes, as presently written, explicitly empower the commissioner to promulgate the challenged regulations.”
Since these decisions by the Court of Appeals, the commissioner has continued to recognize that proper prenatal care is vital to an unborn child and that an unborn child has needs separate and distinct from its mother (Matter of Catoe v Lavine, 51 AD2d 545, mot for lv to app den 39 NY2d 709). Thus, the commissioner has not amended her regulations so as to make Federally funded AFDC benefits unavailable to an unborn child.
The commissioner has, however, apparently recognized that the needs of an unborn child are not the same as the needs of a born child and in addition, are not completely independent of its mother’s needs. This rationale has led the commissioner to recently amend regulation 18 NYCRR 352.30 (c) and redesignate it as 18 NYCRR 352.30 (b) to provide: “For purposes of determining regular recurring monthly needs, exclusive of shelter and fuel for heating, the household of a pregnant woman shall be increased by *1005 an amount equivalent to the needs of one person. This need shall be met by an additional allowance provided prospectively from the time the pregnancy is medically verified, but in no instance prior to the fourth month. The increased household needs shall be met on a pro rata basis even though the pregnant woman has no unmet needs.”
Based upon 18 NYCRR 352.30 (b) the commissioner prorated the grant to petitioner De Jonge’s unborn child. Petitioner De Jonge asserts this regulation conflicts with sections 131 and 131-a of the Social Services Law and cites various court decisions in support of her argument.
This court is well aware of and has considered the court decisions striking down pro rata grants for unborn children (see, e.g., Frost v Blum, 72 AD2d 843, affd 50 NY2d 978; Hinson v Blum, 94 Misc 2d 601, affd 72 AD2d 794; Matter of Ross v O’Connor, 94 Misc 2d 604). These cases, however, were decided prior to the amendment of the commissioner’s regulation which now provides that the grant to the unborn child shall be met on a pro rata basis where the mother has no unmet needs.
A brief discussion of one of these cases, Frost v Blum (supra), is helpful in understanding some of the background leading to my decision on this issue.
The Special Term Justice in Frost annulled the commissioner’s determination to prorate the AFDC grant provided on behalf of petitioner’s unborn child. At the time the proceeding in Frost was commenced 18 NYCRR 352.30 (c) did not specifically provide for proration. During the course of the proceeding and before the Appellate Division, Third Department, considered the matter, 18 NYCRR 352.30 (c) was amended to specifically authorize a pro rata grant for an unborn child where its mother has no unmet needs.[4] By a 3 to 2 majority the Appellate Division, Third Department, affirmed the court below, stating: “We find no other provisions in the statute [Social Services Law, § 131-a, subd 3] that set other standards of aid or permit the commissioner to do so by regulation. Proration is unlawful with respect to born children receiving ADC (Matter of *1006 Foran v Dimitri, 62 AD2d 1124, mot for lv to app den 45 NY2d 706). In establishing a different measure of assistance to unborn children, the commissioner is promulgating regulations which are contrary to the Social Services Law.” (Frost v Blum, 72 AD2d 843, 844, supra.)
The two dissenting Justices wrote that: “the cases in which proration of public assistance grants for born persons have been struck down are inapposite to the case before us, since the statutory and regulatory basis and purpose for such grants are different than for unborn children *** the rationale behind the invalidation of proration, i.e., it is improper to penalize needy children because of the ineligibility and wrongdoing of a family member, is inapplicable here, for an unborn child is not being penalized by proration where its mother has no unmet needs.” (pp 844-845.) They also observed that: “In Matter of Rankin v Lavine (supra), the Court of Appeals pointed out that the commissioner’s remedy lies in her own regulations, and here, the commissioner has amended the regulations to give written effect to her previous interpretations (see 10 NYCRR 352.30 [c]).” (Supra, p 845.)
In affirming, the Court of Appeals stated:
“We agree with the courts below that there was no authority under the regulations of the Department of Social Services then in effect (18 NYCRR 352.30) to base the amount of that grant on the pro rata share of the monthly grant for a two-person household prescribed by subdivision 3 of section 131-a of the Social Services Law.
“We do not consider and thus intimate no views as to what might be the result under subsequent amendment of the regulation, which has no application to this case.” (Frost v Blum, 50 NY2d 978, 979, supra.)
The case at bar presents a “subsequent amendment” issue.
Having carefully considered the matter, I find myself in agreement with the dissent in Frost that the rationale for the regulation, that the unborn child’s needs are not completely independent of its mother and are not the same as a born child’s, is justified both in theory and as a practical matter. Thus the reason articulated for disallowing prora *1007 tion, that it is improper to penalize a dependent child for the wrongdoing or ineligibility of a family member, is not applicable to an unborn child where its mother has no unmet needs.
Common sense tells us that the needs of an unborn child are not those of a person in being. The fetus does not purchase food, clothing or shelter needs. The reduction in allowance which the commissioner seeks to enforce by the present regulation recognizes this fact of life but causes trouble because the term “proration” has become a word of art in the case law which has developed authorizing the allocation of expenses and thus, public assistance between and among persons who are members of a household.
While it might be argued that what is required is the establishment of a new category of assistance for the unborn, such may not be feasible administratively. Moreover, I do not believe such regulation to be in conflict with sections 131 and 131-a of the Social Services Law. The purpose of section 131-a of the Social Services Law is to provide a level of benefits equivalent to 100% of need. The amended regulation does not imply any reduction in the standard of prenatal care of the unborn child. It simply recognizes that the needs of an unborn child are not independent of its mother and that where the mother has no unmet needs, the pro rata grant will satisfy the legislatively determined needs of the unborn child. In this regard, it is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be respected by the courts and must be upheld (Matter of Howard v Wyman, 28 NY2d 434, 438). I find that the commissioner’s regulation (18 NYCRR 352.30 [b]) providing for a pro rata allowance for an unborn child where its mother has no unmet needs is reasonable and is not in conflict with sections 131 and 131-a of the Social Services Law.
Moreover, the commissioner’s method of budgetary computation as set forth in her regulation (18 NYCRR 352.30 [b]) is a legitimate exercise of her broad authority to conform the State plan to the optional payment provisions of the Federal program (see Matter of Bates v Toia, 45 *1008 NY2d 460, supra; see, also, Matter of Rankin v Lavine, 41 NY2d 911, supra).
Presumably, petitioner De Jonge’s child is now born and thus would be entitled to a full one-person grant for basic needs. Whether such infant is entitled to a shelter allowance must await proper application by petitioner De Jonge, and determination by the local agency.[5]

. The decision in the above-entitled action also included two petitioners who challenged the adequacy of the public assistance grant they received on behalf of their bom children. The court held that the commissioner’s determination to prorate the Aid to Families with Dependent Children grants on behalf of bom children violated sections 131 and 131-a of the Social Services Law and Federal regulation 45 CFR 233.90 (a). The court also declined to grant petitioners’ request to prosecute the proceeding as a class action. These portions of the decision have been withheld from publication.

. In the papers submitted there appears to be some inconsistency in that at times the regulation is referred to as 18 NYCRR 352.30 (b) and at other times as 18 NYCRR 352.30 (c). Effective May 29,1980,18 NYCRR 352.30 (c) was amended and redesignated as 18 NYCRR 352.30 (b). Since this proceeding is concerned with the regulation as amended, proper reference would be to 18 NYCRR 352.30 (b).

. 45 CFR 233.90 (c) provides in relevant part, “Federal financial participation is available in: * * * (ii) Payments with respect to an unborn child when the fact of pregnancy has been determined by medical diagnosis”.

. The regulation was again amended effective May 29, 1980 and redesignated 18 NYCRR 352.30 (b). The import of the regulation insofar as it specifically provides for a pro rata grant on behalf of an unborn child remains the same.

. Petitioner De Jonge, in the wherefore clause of the petition, requests an appropriate shelter allowance. To the extent she requests this on behalf of her unborn child, I would note the record does not indicate such request was made at any time prior to or at the fair hearing and the commissioner did not decide this point. Thus, the issue is not properly before the court. Moreover, it appears that inasmuch as Patricia De Jonge’s shelter needs were supplied by her parents, the unborn infant had no unmet shelter needs.