■ In the Matter of LISA JACKSON, on Behalf of Her Unborn Child, Respondent, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, Appellant, and MURIEL O'CONNOR, as Commissioner of the Sullivan County Department of Social Services, Respondent. (Proceeding No. 1.) In the Matter of TAMMY BARLEY, on Behalf of Her Unborn Child and All Other Persons Similarly Situated, Respondent, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, Appellant, and BERNHARDT KRAMER, as Commissioner of the Ulster County Department of Social Services, Respondent. (Proceeding No. 2.) — Appeal, in Proceeding No. 1, from a judgment of the Supreme Court at Special Term, entered March 13, 1980 in Sullivan County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Sullivan County Social Services Commissioner granting petitioner's unborn child a monthly public assistance grant on a pro rata basis. Appeal, in Proceeding No. 2, from a judgment of the Supreme Court at Special Term entered June 18, 1980 in Ulster County, which granted petitioner's application, in a proceeding

pursuant to CPLR article 78, to annul a determination of the State Social Services Commissioner granting petitioner's unborn child a monthly public assistance grant on a pro rata basis, and declared the proceeding to be a class action. In both of the present proceedings, petitioners, who were unqualified for benefits, applied for public assistance under the Aid to Dependent Children (ADC) category for their unborn children. The children were granted aid but on a pro rata basis. Such proration was done pursuant to former 18 NYCRR 352.30 (c) which had been amended effective September 15, 1978 to provide that the increased household needs of a pregnant woman shall be met on a pro rata basis even though the pregnant woman has no unmet needs. Former 18 NYCRR 352.30 (c) was also amended effective May 29, 1980 and redesignated 18 NYCRR 352.30 (b), but the amendment is not relevant in these proceedings. Special Term, in both proceedings, annulled the administrative determinations and adjusted the grants retroactively on behalf of the children to $94 per month, the basic allowance for a household of one (Social Services Law, § 131-a, subd 3). These appeals ensued. Section 131-a of the Social Services Law, which governs monthly grants, provides, in pertinent part, as follows: "social services officials shall, in accordance with the provisions of this section and regulations of the department, provide * * * aid to dependent children, to needy persons who constitute or are members of a family household, who are determined to be eligible in accordance with standards of need established in subdivision two. *Provision for such persons * * * shall be made in accordance with this section."* (Social Services Law, § 131-a, subd 1; emphasis added.) "Persons and families determined to be eligible by the application of the standard of need * * * shall receive maximum monthly grants and allowances in all social services districts in accordance with the following schedule, for * * * aid to dependent children:

### Number of Persons in Household

| One | Two |
|-----|-----|
| $94 | $150" |

(Social Services Law, § 131-a, subd 3). This court recently considered this statute in a proceeding instituted prior to the September 15, 1978 amendment to former 18 NYCRR 352.30 (c) providing for grants on a pro rata basis *(Matter of Frost v Blum,* 72 AD2d 843, affd 50 NY2d 978). We concluded in that case that the commissioner could not adopt regulations establishing a different measure of assistance to unborn children, such as proration, than that set forth in section 131-a of the Social Services Law, although the Court of Appeals in affirming this court took no position as to the result under subsequent amendment of the regulations *(Matter of Frost v Blum,* 50 NY2d 978, 979, *supra).* It is noted in this regard that administrative agencies are without authority to promulgate rules out of harmony with the statute *(Matter of Jones v Berman,* 37 NY2d 42, 53). In view of our decision in *Matter of Frost v Blum (supra),* we are of the opinion that Special Term properly annulled the determinations in both of the present proceedings and retroactively adjusted the grants on behalf of the children to $94 per month. Special Term, however, in the proceeding involving petitioner Barley, declared the action to be a class action. In situations involving governmental operations where subsequent petitioners will be adequately protected under the principles of *stare decisis,* class action relief is not necessary *(Matter of Jones v Berman,* 37 NY2d 42, 57, *supra; Matter of Fairly v Fahey,* 75 AD2d 158, 160). No reason appears herein warranting deviation from this general rule and, consequently, Special Term

erred in allowing petitioner Barley to proceed in class action form. Judgment, in Proceeding No. 1, affirmed, without costs. Judgment, in Proceeding No. 2, modified, on the law, by reversing so much thereof as declared the proceeding to be a class action, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Herlihy, JJ., concur.