■ In the Matter of PATRICIA DE JONGE, Appellant, et al., Petitioners, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Judgment unanimously reversed, with costs, and petition granted. Memorandum: Petitioner De Jonge appeals from a judgment of Supreme Court, Monroe County, which affirmed respondent Blum's fair hearing decision which affirmed the determination of respondent Richardson and Paul E. Dickson, Commissioner of the Yates County Department of Social Services, to prorate the monthly assistance grant for petitioner's unborn child pursuant to Social Services regulations (18 NYCRR 352.30 [b]). Petitioner lived with and was supported by her parents at the time she applied for an AFDC grant for herself and her unborn child. She was denied benefits for herself. In determining the amount which petitioner was to receive on behalf of her unborn child, the agency, pursuant to regulation 18 NYCRR 352.30 (b), calculated the needs for the unborn child at one half of the basic allowance for a household of two, instead of a full allowance for a household of one. It has consistently been held that the proration of a home relief grant conflicts with the intentions of the Social Services Law *(Matter of Frost v Blum,* 50 NY2d 978; *Matter of Gabel v Toia,* 64 AD2d 267; *Matter of Snowberger v Toia,* 60 AD2d 783). The courts and the commissioners' own regulations recognize that an unborn child has needs separate from its mother and must be

treated as a born child for AFDC benefits *(Matter of Catoe v Lavine,* 51 AD2d 545, 546; *Matter of Boines v Lavine,* 44 AD2d 765, mot for lv to app den 34 NY2d 519; 18 NYCRR 369.2 [a] [1] [i]). The pro rata approach adopted by the respondents is improper. The commissioner may only promulgate rules to implement the law. There is "no authority to create a rule out of harmony with the statute" *(Matter of Jones v Berman,* 37 NY2d 42, 53; *Matter of Harbolic v Berger,* 43 NY2d 102, 109). In our view the proration of the home relief grant conflicts with the intentions of the Social Services Law *(Matter of Gabel v Toia, supra)* and, therefore, the regulation permitting proration of AFDC grants to unborn children (18 NYCRR 352.30 [b]) is in violation of section 131-a of the Social Services Law *(Matter of Jackson v Blum,* 79 AD2d 1076; *Matter of Hinson v Blum,* 94 Misc 2d 601, affd 72 AD2d 794). (Appeal from judgment of Monroe Supreme Court, Wagner, J. — art 78 — AFDC benefits — unborn child.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Denman, JJ.