[797 NYS2d 54]

In the Matter of Zoraida Melendez, Appellant, v Brian J. Wing, as Commissioner of the State of New York Office of Temporary and Disability Assistance, et al., Respondents.

First Department, June 16, 2005

## APPEARANCES OF COUNSEL

*Housing Works, Inc.*, New York City (*Jennifer Sinton* and *Armen H. Merjian* of counsel), for appellant.

*Eliot Spitzer, Attorney General*, New York City (*Oren L. Zeve* and *Michael S. Belohlavek* of counsel), for state respondent.

## OPINION OF THE COURT

SWEENY, J.

We are asked to determine whether the emergency shelter allowance as promulgated by 18 NYCRR 397.11 is a separate entitlement outside the definition of public assistance. For the reasons stated herein, we find that it is not.

Petitioner has clinical/symptomatic HIV and resides with her husband and three children in the Bronx. She receives public assistance benefits including an emergency shelter allowance for persons with AIDS or HIV-related illness. Her seven-year-old daughter has epilepsy and receives supplemental security income (SSI) benefits. These amounts were not originally included in the calculation of petitioner's public assistance benefits as provided by Social Services Law § 131-c.

In 2002, respondent New York State Office of Temporary and Disability Assistance (OTDA) revised its budgeting procedures. Based upon that revision, respondent New York City HIV/AIDS Services Administration (HASA), the agency that administers petitioner's benefits, decided to include petitioner's daughter's SSI benefits as part of petitioner's household income in determining the amount of her emergency shelter allowance. As a result, petitioner's total monthly benefits were reduced. Petitioner requested a fair hearing, at which time, OTDA, citing 18 NYCRR 352.30 and 352.3 (k), ruled that respondent HASA properly included the SSI benefits in determining petitioner's public assistance benefits and affirmed that decision.

Petitioner brought this CPLR article 78 proceeding to annul the determination, citing, among other issues, the conflict between Social Services Law § 131-c and the regulations relied on by respondents. The IAS court, finding the issue to be one of statutory interpretation, determined that the regulations relied on by respondents did not conflict with section 131-c. The court also found that emergency shelter allowances were distinguishable and separate from the general pattern of public assistance benefits. The petition was denied.

New York State's public assistance program is governed by article 5 of the Social Services Law. Section 131-a requires public assistance to be awarded to needy persons for all items of need, "less any [of the recipient's] available income or resources which are not required to be disregarded by other provisions of this chapter." Public assistance includes family assistance and "safety net" assistance (*see* Social Services Law § 2 [19]; *Matter of Rodriguez v Wing,* 94 NY2d 192 [1999]). Section 131-a (1) provides for a basic allowance, an additional allowance for shelter and energy costs, and allowance for other items based upon individual circumstances.

Social Services Law § 131-c (1) reads in pertinent part:

> "For the purposes of determining eligibility for and the amount of assistance payable, the social services district shall, when a minor is named as an applicant for public assistance, require that his or her parents and minor brothers and sisters also apply for assistance . . . if such individuals reside in the same dwelling unit as the minor . . . The provisions of this subdivision shall not apply to individuals who are recipients of federal supplemental security income benefits or additional state payments pursuant to this chapter . . . ."

This section was enacted in 1985, in conformity with the requirements of the existing federal Aid to Families with Dependent Children (AFDC) program and former section 402 (a) (24) of the Social Security Act, which prohibited a supplemental security income (SSI) recipient from being regarded as a family member for purposes of determining Aid to Dependent Children benefits, and his or her income from being counted as family resources for AFDC purposes. Unlike its federal counterpart, which was limited to recipients of AFDC benefits, section 131-c was made applicable to public assistance generally.

AFDC was eliminated in 1996 and replaced with a block grant program. In response, the New York State Welfare Act of 1997 made major revisions to the State's welfare laws. Significantly, the provisions of section 131-c were not changed.

The regulations implementing the State's compliance with the requirements of AFDC were similar to the statutory provisions. Former section 352.2 (b) of 18 NYCRR provided that "For the purposes of such monthly grants and allowances under Aid to Dependent Children or Emergency Assistance to Needy Families with Children, children or adults residing with an SSI ben-

eficiary must be considered as a separate household from the SSI beneficiary." However, this provision was repealed effective July 7, 2004, and replaced with a new subdivision (b), which provides that

"When a public assistance household resides together with persons who would otherwise be required to be in the filing unit except that they are in receipt of SSI, those persons applying for public assistance shall constitute a separate household from any such SSI recipients who do not apply for public assistance. Except as provided in section 352.3 (k) and (*l*) of this Part, the standard of need for such separate household shall be the standard of need for the number of persons in the household as if the SSI recipients were included, reduced pro rata to reflect the number of persons actually applying for and receiving assistance."

In effect, the new subdivision (b) attempts to create an exception to the rule that SSI recipients not be included in the public assistance household for families receiving emergency shelter allowances because of AIDS/HIV-related illnesses.

The emergency shelter allowance was promulgated as 18 NYCRR 397.11 in 1988. Its purpose was to provide an additional allowance for persons who were medically diagnosed as having AIDS or HIV-related illnesses and who were homeless or faced with homelessness. Funds were first appropriated by the Legislature in 1993 for these payments. That appropriation provided for a payment equal to the difference between the family's net available income, *including* public assistance and SSI benefits, and their needs, the emergency shelter allowance not to exceed $480 for the first person and $330 for each additional person, but in no event exceeding the actual monthly rent. Thereafter, respondent OTDA promulgated 18 NYCRR 352.3 (k), which codified the budgetary methodology for calculating the emergency shelter allowance. The regulation tracked the per-person allowance set forth in the appropriations legislation. It further provided that if the household is comprised of both ADC- and SSI-eligible persons, the methodology would involve a process that first requires the determination of the public assistance grant of the household. The emergency shelter allowance is then calculated, taking into consideration the benefits and income of the SSI recipient. The legislative budget appropriations for 1995 through 2005 omitted any reference to

how the emergency shelter allowance should be calculated and whether SSI benefits should be included in that calculation.

"It is a fundamental principle of administrative law that an agency cannot promulgate rules or regulations that contravene the will of the Legislature" (*Weiss v City of New York*, 95 NY2d 1, 4-5 [2000]; *see also Matter of De Jonge v Blum*, 84 AD2d 939 [1981], *affd* 55 NY2d 1030 [1982]). Social Services Law § 131-c (1) unambiguously states that the subdivision does not apply to individuals who are SSI recipients, and those benefits should not be included as available income for purposes of calculating the amount of public assistance. This interpretation is consistent with not only the statute's plain language but also its legislative history and intent (Bill Jacket, L 1985, ch 42). Originally enacted in 1985 to meet federal mandates as they then existed, section 131-c has been neither modified nor repealed despite a major reform of New York's welfare law in 1997. Respondents' regulations, particularly 18 NYCRR 352.3 (k), which require the inclusion of the family member's SSI benefits in calculating petitioner's emergency shelter allowance, are in conflict with section 131-c. Although the emergency shelter allowance is targeted for persons with AIDS/HIV-related illnesses, it is, nonetheless, not a "separate entitlement outside the definition of public assistance," which includes family and safety net assistance (*Rodriguez*, 94 NY2d at 197). By definition, safety net assistance encompasses allowances for all support, maintenance and need as delineated in section 131-a, including shelter costs (*see* Social Services Law § 157 [1]).

The emergency shelter allowance is therefore not a separate entitlement outside the definition of public assistance. Since respondents' regulation is in conflict with Social Services Law § 131-c, the provisions of the statute must prevail.

Accordingly, the judgment of the Supreme Court, New York County (Harold B. Beeler, J.), entered January 27, 2004, which denied petitioner's application to annul the determination of respondent New York State Office of Temporary and Disability Assistance that the New York City respondents had properly calculated her emergency shelter allowance, should be reversed, on the law, without costs, the determination annulled, the petition granted solely to that extent, and the matter remanded for further proceedings.

MAZZARELLI, J.P., ANDRIAS, FRIEDMAN and MARLOW, JJ., concur.

Judgment, Supreme Court, New York County, entered January 27, 2004, reversed, on the law, without costs, the determina-

tion of respondent New York State Office of Temporary and Disability Assistance that the New York City respondents had properly calculated petitioner's emergency shelter allowance annulled, the petition granted solely to that extent, and the matter remanded for further proceedings.