John W. Sweeny J.
This is a CPLR article 78 proceeding whereby petitioner seeks a judgment: (1) reversing respondent Lavine’s December 17, 1974 decision, made after a fair hearing, which affirmed the local agency’s determination to discontinue petitioner’s home relief assistance; (2) declaring illegal and enjoining respondents’ policy of discontinuing assistance upon the ground of unsatisfactory performance in a public works project; and (3) directing restoration of assistance wrongfully withheld from the petitioner.
There is no serious question that the local agency’s notice of intent to discontinue public assistance recites petitioner’s failure "to perform satisfactorily in the Public Works Program” as the only basis for the proposed discontinuance. However, respondent Weinberg’s "fair hearing summary” submitted at the time of the hearing, in addition to the above *323 allegation contained the entirely new claim that petitioner had failed to report as directed for a reassignment.
The only reasonable construction that can be given respondent Lavine’s December 17, 1974 decision is that he affirmed the local agency’s determination solely on the basis that petitioner failed to report for reassignment and that this constituted a failure to accept manpower services and therefore termination of assistance was warranted and authorized (18 NYCRR 385.6 [a] [8]).
Since respondent Lavine’s decision is based on an issue about which petitioner was not apprised (viz. failure to report for reassignment), and which the local agency admitted it could not sustain through its case record, petitioner was deprived of his constitutional right to due process at the fair hearing (Cruz v Lavine, 45 AD2d 720). Accordingly, the petition, to the extent that it seeks a reversal of the December 17, 1974 decision is granted. Petitioner shall be entitled to retroactive restoration of his grant less any permissible income setoffs.
This court believes that a particular recipient’s work could be so unequivocably unsatisfactory as to properly support a determination by a local agency that his or her performance constituted a willful failure "to participate” in work relief on a public work project (18 NYCRR 385.6 [a] [8]). Accordingly, the court is not disposed to declare that the local agency’s policy of terminating assistance on the basis of "unsatisfactory performance” may not be authorized by the afore-mentioned regulation in some extreme circumstances. Therefore, the court declares that termination of assistance may be justified and within the authority of the regulations in those instances where there is such a complete willful failure to work that the recipient can be said to be not participating in the program.