Clarence H. Brisco, J.
Motion is made why an order should not be made directing the respondent to comply with a fair hearing determination rendered by Abe Lavine, Commissioner of the New York State Department of Social Services, wherein the Monroe County Department of Social Services was directed to issue petitioner a public assistance grant retroactive to August 20, 1974.
The respondent has served a cross notice of motion wherein it seeks an order of this court, pursuant to CPLR 7804 (subd [f]) dismissing in its entirety the petition herein, on the ground of objections in point of law, as stated in the affidavit submitted by the respondent.
On the 10th day of October, 1974, the petitioner Otis Barnes herein, was duly notified in writing by the respondent that his application for public assistance was being denied because of his failure to fully follow through relative to a job referral. Thereafter, the said petitioner applied for a "fair hearing” before the New York State Welfare Commissioner and was granted such a hearing on the 22nd day of October, 1974.
The said hearing commissioner reversed the respondent’s determination and directed the respondent to take appropriate action in accordance with that decision. The date of the decision of the said State commissioner was November 27, 1974. The decision of the Commissioner of the New York State Department of Social Services read in part, that: "The agency’s determination to deny him public assistance was not proper.”
18 NYCRR 358.18 (a) provides in part that "The decision shall be binding upon the social services official.”
18 NYCRR 358.22 provides in part: "When a decision of the commissioner (whether made after or without a [fair] hearing) directs a social services official to perform specific actions, such official shall comply promptly with such direction”.
The petitioner by a petition verified April 11, 1975, has set forth that the Monroe County Department of Social Services has not paid petitioner in keeping with the determination rendered by Abe Lavine, Commissioner of the New York State Department of Social Services.
The respondent in its defense of the motion for the relief prayed for by the petitioner, sets forth in its motion to dismiss *126 in its entirety, the petition herein, the Statute of Limitations relative to CPLR article 78.
The respondent asserts that the petitioner herein did not institute his proceeding within the four months’ period set forth in CPLR 217, and cites the decision of Supreme Court Justice Austin W. Erwin in the action dated June 26, 1972, in the proceeding entitled Supreme Court, Monroe County, Matter of Rochester Gen. Hosp. for an order against Gabriel Russo, Director of the Department of Social Services, County of Monroe, New York, commanding him to accept the hospitalization costs of Harry Drake, a medically indigent person, as a charge against the County of Monroe, and the cases by Honorable Austin W. Erwin therein, to wit: Matter of Amsterdam City Hosp. v Hoffman (278 App Div 292) and Matter of St. Clare’s Hosp. v Breslin (27 Misc 2d 126).
It appears by the affidavit of Bernard J. Monbouquette that an oral notice was given by him to one Naomi Priest Smiley on behalf of and as a representative of the petitioner, Otis Barnes, information that the respondent Reed and the department refused to comply with the determination because, as claimed by him, it was totally erroneous as a matter of law and not in accordance with the evidence presented and that the fair hearing officer apparently missed the entire legal issue involved.
He does state in his affidavit, that he sent a letter to the State commissioner setting forth the department’s disagreement with the decision and that it was not in accordance with the evidence presented. A copy of that letter bearing date January 24, 1975 and submitted upon this motion, was mailed to Otis Barnes dated January 24, 1975. This is the first written notice of said fair hearing decision for Otis Barnes.
The regulations of the State Department of Social Services reflect a legislative concern for assuring that recipients of public assistance be given adequate and proper notice of planned action. Under section 355.3 of title 18 of the Official Compilation of Codes, Rules and Regulations of the State of New York, recipients of public assistance are entitled to written notice of agency decisions. Subdivision (a) of section 355.3 states that "Each applicant * * * shall be notified in writing of the agency decision on his application.” Subdivision (b) of section 355.3 states, inter alia, that "Each recipient * * * shall be notified in writing of any change in the grant or care, or of the discontinuance of the grant or care.” In *127 addition, section 358.9 lists the responsibilities of social services officials in cases of proposed discontinuance, suspension, or reduction of assistance, and requires that the agency send written notice of its proposed action to the recipient.
Clearly, both sections 355.3 and 358.9 reflect a policy of assuring that recipients are given written notification of any departmental action which could adversely affect a recipient’s assistance grant. Similarly, in this case, where the agency is refusing to comply with a fair hearing decision, and consequently taking action which is at least as potentially severe as a discontinuance, suspension, or reduction of a grant or assistance level, written notice is required, if not by explicit regulation, by implicit legislative policy.
This rationale which mandates written notice of refusal is supported by the recent case of Matter of Ferro v Lavine (46 AD2d 313, 319), where the court announced that the statutory period for commencing an article 78 proceeding runs from the time a right to make a demand accrues, a right which arises after a refusal. "[T]he statute begins to run when there is a demand for performance and a formal refusal. If there is no demand for performance, a party will be barred from seeking relief if he has indefinitely and unreasonably postponed the making of his demand; it has been said that 'the demand must be made within a reasonable time after the right to make the demand occurs or * * * where the petitioner had been misled by the respondent’s conduct, within a reasonable time after he becomes aware of the facts which give rise to his right of relief (Matter of Devens v Gokey, 12 AD2d 135, 136-137, affd 10 NY2d 898).”
In line with the thinking of this court, it has read a ruling of the Appellate Division, Second Department in Cruz v Lavine (45 AD2d 720).
It is the conclusion of this court that a welfare recipient is entitled to adequate notice of the issue thereby determined at the fair hearing and that the Department of Social Services is not entitled to change the issue at the time of hearing and in connection with this decision rendered as aforesaid, the court is mindful of due process and this court is of the opinion that a written notice should have been given to Otis Barnes. (See Matter of Murray v Murphy, 24 NY2d 150, 157.) The notice given to Otis Barnes orally should have been written notwithstanding that this court cannot find any rule to that effect. Permitting the practice of the respondent in this case deprives *128 petitioner of notice and consequently of constitutional rights to due process to which he was entitled. (Goldberg v Kelly, 397 US 254.)
The procedure followed in reviewing his fair hearing and rendering a decision based on the fair hearing, and the failure of the Social Services Department in this instance, further deprived Otis Barnes of due process by the procedure followed in this case.
Therefore, this court decides that the motion of the petitioner, Otis Barnes, for a judgment pursuant to CPLR article 78, should be granted without costs and that an order be made directing the respondent to comply with a fair hearing determination rendered by Abe Lavine, Commissioner of the New York State Department of Social Services, wherein the Monroe County Department of Social Services was directed to issue petitioner a public assistance grant retroactive to August 20, 1974.
The motion made by the respondent for an order of this court pursuant to CPLR 7804 (subd [f]), dismissing in its entirety the petition herein, on the ground of objections in point of law, as stated in the affidavits upon said motion, is denied without costs. The petition was filed within four months after the written letter to the New York State Department of Social Services on January 24, 1975.