■ SPENCERPORT CENTRAL SCHOOL DISTRICT, Respondent, v SPENCERPORT TEACHERS ASSOCIATION NYSUT, et al., Appellants. (Appeal No. 2.)— Order unanimously reversed and matter remitted to arbitration in accordance with same memorandum as in *Spencerport Cent. School Dist. v Spencerport Teachers Assn.* (49 AD2d 1027). (Appeal from order of Monroe Special Term staying arbitration.) Present—Moule, J.P., Cardamone, Mahoney, Goldman and Witmer, JJ.

■ In the Matter of BRETA TROMBLEY, Petitioner, v JOHN L. LASCARIS, as Commissioner of the Onondaga County Department of Social Services, et al., Respondents.—Determination unanimously annulled, without costs, and petition granted, without prejudice, in accordance with the following memorandum: In this article 78 proceeding petitioner seeks review and annulment of the determination of respondent Commissioner of Onondaga County Department of Social Services as modified and affirmed by respondent Commissioner of New York State Department of Social Services, reducing by the sum of $660, at the rate of $47.92 per month, the aid to dependent children grant made to petitioner, effective March 1, 1974, upon the ground that she had received that sum during a period of 44 weeks preceding August, 1973, in $15 weekly payments in excess of the amount to which she was entitled, and that she had obtained such excess payments through willful fraud and concealment of income. There is substantial evidence in the record to support the determination as modified and affirmed. Nevertheless, it must be annulled on procedural grounds. The notice of intent to reduce public assistance, to which due objection was made at the fair hearing, failed to inform petitioner of the details of the reasons of the proposed deductions and of her rights as required by law and departmental regulations (18 NYCRR 358.8 [a] [2]; *Goldberg v Kelly,* 397 US 254, 267–268). Moreover, although in modifying and affirming the determination in March, 1974 the Commissioner of State Social Services made reference to the need for continuing assistance to the other members of petitioner's household and tempering the rate of deduction so as not to create a hardship, he affirmed the over-all 20% deduction. This rate is excessive (see 18 NYCRR 352.31 [d] [4], eff Sept. 24, 1974). The determination is, therefore, annulled, with direction to respondents to restore to petitioner any deduction made from her public assistance thereunder, but without prejudice to a new application by respondents, upon proper notice, to recoup excessive payments in a reasonable manner consonant with such new regulation (18 NYCRR 352.31 [d] [4]). (Review of determination reducing public assistance transferred by order of Onondaga Special Term.) Present—Moule, J. P., Cardamone, Mahoney, Goldman and Witmer, JJ.