**Doretha POWELL et al., Plaintiffs,**

v.

**Geneva D. AUSTIN et al., Defendants.**

**Civ. A. No. 76–0229–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Feb. 17, 1977.

John M. Levy, Glen R. Johnson, Donnalee R. Steele, Richmond, Va., for plaintiffs.

John R. Haymes, Jr., Asst. City Atty., John A. Rupp, Asst. Atty. Gen., Eliot Norman, Asst. U. S. Atty., E. D. Va., Richmond,

**750**

Va., David Smith, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiffs, recipients of Aid to Families with Dependent Children (AFDC) in the State of Virginia, brought this action challenging the policies and regulations of the Department of Welfare for the Commonwealth of Virginia and the United States Department of Health, Education and Welfare (HEW), which compute as income, wages earned by an AFDC recipient which have been garnished, alleging this to be in violation of the Social Security Act, 42 U.S.C. § 601 *et seq.* and the United States Constitution. Jurisdiction of the Court is attained pursuant to 28 U.S.C. §§ 2201, 2202 and 28 U.S.C. § 1343(3) and (4).

The case comes before the Court on defendants' motion for summary judgment. Oral argument was presented to the Court, the issues raised have been extensively briefed by the parties, and the matter is now ripe for disposition.

The sole issue in the instant case is whether garnished wages are to be treated by a state as "income" to an AFDC recipient for purposes of computing eligibility and level of benefits pursuant to Title IV of the Social Security Act, 42 U.S.C. § 601 *et seq.*

Section 402(a)(7) of the Social Security Act requires that state AFDC plans

" . . . [s]hall, in determining need, *take into consideration any other income* and resources of any child or relative . . . or of any other individual . . . whose needs the State determines should be considered in determining the need of the child or relative claiming such aid, as well as any expenses reasonably attributable to the earning of any such income." 42 U.S.C. § 602(a)(7) (Emphasis added). However, the Social Security Act does not define "income" or mention the treatment to be afforded wage garnishments.

Pursuant to its rulemaking authority, 42 U.S.C. § 1302, HEW has promulgated the following "income and resources" regulation:

"Net income available for current use and currently available resources shall be considered; income and resources are considered available both when actually available and when the applicant or recipient has a legal interest in a liquidated sum and has the legal ability to make such sum available for support and maintenance." 45 C.F.R. § 233.20(a)(3)(ii)(D).

Plaintiffs contend that within the meaning of that regulation, garnished wages are not to be treated as income because they are not "actually available," nor does the AFDC recipient have the "legal ability to make such sum available." In its memorandum opinion dated December 3, 1976, the Court concurred with plaintiffs' contentions and issued a preliminary injunction enjoining the state defendants from counting garnished wages as income in determining AFDC grants to members of the plaintiff class. Of particular concern to the Court was an apparent inconsistency within HEW's interpretation whereby under certain conditions garnished wages were to be considered as income, and under other circumstances, were not, *e. g.*, wages garnished by the Internal Revenue Service.

Subsequent briefing and oral argument by counsel in support of the motion for summary judgment have further enlightened the Court to the operation of 42 U.S.C. § 601 *et seq.*, and has clarified the heretofore seemingly inconsistent interpretation of the treatment to be given garnished wages. Therefore, for the reasons which follow, the Court concludes that the treatment of garnished wages as income to the AFDC recipient is consistent with the Social Security Act, 42 U.S.C. § 601 *et seq.*

The resolution of the treatment to be given garnished wages under the Act turns on the interpretation of 45 C.F.R. § 233.20 which provides that "net income *available* for current use shall be considered."

HEW's interpretation of the availability of income must be considered in light of the need to preclude states from assum-

ing the existence of income or resources which do not exist, but are merely presumed to benefit the dependent child. *See Lewis v. Martin*, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970); *King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). Unlike "assumed" income, however, garnished income represents income which the recipient or a member of the family unit earned during the budget period being considered in the computation of the AFDC grant. This is in contrast to the situation in *Lewis v. Martin, supra,* where the man assuming the role of a spouse in a home was presumed to be contributing income to the family, regardless of whether this was in fact the case. And in *NWRO v. Matthews*, 174 U.S.App.D.C. 410, 533 F.2d 637 (1976), the Court invalidated an HEW regulation which valued resources without regard to encumbrances, finding that

> "Just as AFDC prohibits the assumption of current availability of potential income or income expended as earning costs, so does it prevent the presumption that encumbered property has a value to the HEW recipient of its total fair market value." *Supra* at 648.

■ The underlying principle of these cases is that the AFDC statute does not permit income or the value of a resource to be assumed as benefitting the needy individual when such is not the case.

■ Garnished wages, however, involve real income earned by the recipient and "available" in the sense that they provide actual, not assumed benefits to the recipients, in the form of extinguishing part of an outstanding debt.

HEW's position is that:

> "Disregard of garnished wages cannot be justified under current law and regulation, therefore, such amount shall be considered available income for purposes of determining need and amount of assistance." (HEW PIQ 74–177 (December 25, 1974)).

The Court's initial concern that garnishments resulting from debts based on work-related expenses would be considered as available income rather than deducted as work expenses has been put to rest by the federal defendant. All garnished wages are to be considered along with nongarnished wages as available income. Any work-related expenses would then be deducted from the amount of that available income whether those expenses are paid outright in cash or through garnishment of a recipient's wages.[1]

In conclusion, the federal and state defendants' policies, which consider garnished wages as income for purposes of determining need for an AFDC recipient, are consistent with the requirements of § 402(a)(7) of the Social Security Act, 42 U.S.C. § 602(a)(7). Since the constitutionality of the statute itself is not challenged, those policies are not violative of any equal protection guarantees under the United States Constitution. *Knebel v. Hein,* —— U.S. ——, ——, 97 S.Ct. 549, 50 L.Ed.2d 485 (1977).

Accordingly, summary judgment will be entered for the defendants. An appropriate order will issue.

---

1. The Court was originally of the opinion that HEW's general position that garnished wages were not to be disregarded as income was inconsistent with a letter from the Office of General Counsel dated March 18, 1975 commenting on PIQ 74–177 (December 25, 1974). That letter indicated that wages garnished by the Internal Revenue Service should be disregarded as income. It appears that the actual process is to consider all garnished wages as available income and then deduct any work-related expenses, such as Internal Revenue Service garnishments.