■ In the Matter of DONNA VICKERS, Respondent, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Appellants.—Judgment unanimously reversed, without costs, and determination confirmed. Memorandum: Petitioner is a recipient of ADC benefits. In October, 1974 the local agency discovered that she had two savings bank accounts with balances of $150 each in her name, "i/t/f" each of her two children. Petitioner had not reported the accounts, and after investigation it was determined that the money in the accounts constituted an available resource which should be utilized to eliminate the need for public assistance (18 NYCRR 352.23 [a]). Petitioner demanded a public hearing. She testified that the money represented sums given to the children in July by their great grandmother for their education and that she held the funds as a trustee. The agency introduced the passbooks in evidence and produced a summary file which contained notations by two caseworkers in which they related conversations with the petitioner in which she made no claim that the bank accounts were gifts or were held for the children's education. Neither caseworker appeared at the hearing and petitioner made no request that they be produced. She admitted talking to one of the caseworkers about the decision to suspend her November assistance but she denied that the bank accounts were discussed during that conversation. Respondent Lavine affirmed the decision of the local agency to suspend her assistance during the month of November, 1974. This article 78 proceeding followed and Special Term annulled the commissioner's decision because (1) it was not supported by substantial evidence, (2) petitioner was denied legal notice of the allegations, (3) petitioner was denied the right of confrontation, and (4) respondents failed to make a collateral investigation of the facts. We reverse. There was substantial evidence to support the finding that petitioner was possessed of resources in the form of two savings bank accounts which were available to her and not exempt for any recognized purposes under the applicable statutes and regulations. The bank passbooks were

received in evidence without objection and petitioner readily conceded the existence of the accounts. Her only contention was that she held title as a trustee. The money in the accounts, however, was subject to withdrawal in the uncontrolled discretion of petitioner. Such accounts, recognized as Totten Trusts (see *Matter of Totten,* 179 NY 112), are revocable at will and subject to creditors' claims (see 61 NY Jur, Trusts, §§ 108–112, 189). The burden rested upon petitioner to verify and prove that the deposits were exempt gifts from a nonlegally responsible relative restricted to the appropriate use of the children (18 NYCRR 352.16 [b]). She failed to do so. We find no constitutional issue present. The contention that petitioner was denied adequate notice of the charges because the notice of fair hearing cited two regulations (18 NYCRR 352.15 [a], 352.23 [a]) and the decision of respondent Lavine rested upon two others (18 NYCRR 352.16 [a] [b]), is without merit. The fair hearing notice stated that assistance was discontinued because petitioner had two savings bank accounts (cf. *Matter of Trombley v Lascaris,* 49 AD2d 1028). The regulations cited in the notice referred to the utilization of available resources. The commissioner's decision after the fair hearing cited regulations dealing with utilization of resources and particularly trust funds (an issue first raised by petitioner by way of avoidance at the fair hearing). There was no material variance between the grounds alleged for discontinuance in the notice of fair hearing and those relied upon in the decision by respondent commissioner. Nor do we find a denial of due process in the failure to produce the caseworkers who made the entries on the summary sheets or "the person who made the determination to * * * suspend" (see 18 NYCRR 358.9 [g]). The department was represented by Ms. Peiffer who presented the case as specified by subdivision (f) of section 358.9 of the regulations. She was properly permitted to produce the summary file as evidence. Because the material facts of the case were undisputed and only the legal conclusion to be drawn from the facts was in issue, the case differs from authorities cited by petitioner in her brief in which the decision rested upon violations supported only by hearsay evidence in the form of written accusations, in some cases by unidentified informants (see *Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174; *Matter of Ford v Dumpson,* 47 AD2d 621; *Matter of Gonzalez v Dumpson,* 46 AD2d 861; *Matter of Privitera v Lavine,* 45 AD2d 915). Insofar as the caseworkers' notes contradicted petitioner's claim that the bank accounts were held in trust for the children's education, petitioner had the burden of proving the accounts exempt. She was at liberty to subpoena the caseworkers for cross-examination and to request an adjournment for that purpose if necessary, but she did not do so. Similarly, the presence at the fair hearing of the official who made the determination to discontinue but who in many cases will have no direct knowledge of the facts, is not required. The regulations make clear that he must appear if his presence is requested, regardless of any lack of personal knowledge of the facts, but his presence is not mandatory in every case. (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Dillon, Goldman and Witmer, JJ.