598 F.2d 312
 Joanne SWIFT, Individually and on behalf of her minor
daughter, Michelle Swift, and on behalf of all
other persons similarly situated,
Plaintiffs-Appellees,
Lylia Roe, Plaintiff-Intervenor,
v.
Barbara BLUM, Individually and as Commissioner of the New
York State Department of Social Services, Philip L. Toia,
Charles W. Bates, Individually and as Commissioner of the
Westchester County Department of Social Services, John
Battistoni, Individually and as Acting Commissioner of the
Dutchess County Department of Social Services, and Gabriel
T. Russo, Individually and as Commissioner of the Monroe
County Department of Social Services, Defendants,
Barbara Blum, Individually and as Commissioner of the New
York State Department of Social Services, Philip L. Toia,
and Gabriel T. Russo, Individually and as Commissioner of
the Monroe County Department of Social Services,
Defendants-Appellants.
 No. 893, Docket 79-7052.
 United States Court of Appeals,
Second Circuit.
 Argued April 19, 1979.
Decided April 25, 1979.
 
 Eileen R. Kaufman, New Rochelle, N. Y. (Martin A. Schwartz, White Plains, N. Y., Westchester Legal Services, Inc., New Rochelle, N. Y., of counsel), for plaintiffs-appellees.
 Marion R. Buchbinder, Asst. Atty. Gen. of the State of New York, New York City (Robert Abrams, Atty. Gen., George D. Zuckerman, Asst. Atty. Gen., New York City, of counsel), for defendants-appellants Blum and Toia.*
 Before KAUFMAN, Chief Judge, SMITH, Circuit Judge, OWEN, District Judge.**
 PER CURIAM:
 
 
 1
 We affirm on Judge Werker's opinions for the district court, reported at 450 F.Supp. 983 and 461 F.Supp. 578.
 
 
 2
 The only issue requiring additional comment is the State's contention that it does not in fact automatically pro-rate AFDC benefits when a child whose needs are met by non-welfare sources (and thus is not eligible for benefits) resides with the assistance unit. We conclude that Judge Werker correctly determined that there was not a genuine issue as to the existence of this policy. The state did not make an individual determination as to either named plaintiff that her child's income was applied to shared household expenses. Rather, in both cases proration was based solely on a finding that the payments were sufficient to meet the child's portion of those costs. This, in effect, presumed contributions to the household from the mere existence of income, thereby contravening Van Lare v. Hurley, 421 U.S. 338, 95 S.Ct. 1741, 44 L.Ed.2d 208 (1975), and its implementing regulations, 45 C.F.R. §§ 233.20(a)(2) (viii), 233.90(a).
 
 
 
 *
 Appellant Russo defaulted on the appellate scheduling order, and his appeal was dismissed by order dated March 9, 1979
 
 
 **
 Of the United States District Court for the Southern District of New York, sitting by designation