In the Matter of JANIE HERRING, Petitioner, v BARBARA BLUM, Individually and as Acting Commissioner of the New York State Department of Social Services, et al., Respondents.

Second Department, May 21, 1979

## APPEARANCES OF COUNSEL

*Judith B. Studebaker* and *Gerald A. Norlander* for petitioner.

*Louis J. Lefkowitz, Attorney-General (Gilbert Offenhartz, Herbert J. Wallenstein* and *Samuel A. Hirshowitz* of counsel), for Acting State Commissioner, respondent.

*Samuel S. Yasgur, County Attorney (Lester D. Steinman* and *Jonathan Lovett* of counsel), for County Commissioner, respondent.

## OPINION OF THE COURT

*Per Curiam.*

This is a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State Commissioner which affirmed a determination of the local agency reducing the petitioner's grant of aid to families with dependent children (AFDC) in order to recoup overpayments received due to the receipt of income tax refunds. The determination should be confirmed and the proceeding dismissed on the merits.

The petitioner received her Federal and State income tax refunds for the year 1976 and informed the local agency that she was spending the money on personal needs. The local agency subsequently notified the petitioner that her AFDC payments were to be reduced. The written notice reads, in pertinent part, as follows:

"On or about 6/1/77 you received $752.26 from Federal and State income taxes returns. As a result, you received assistance to which you were not entitled in the amount of $669.15. The department intends to reduce your grant as above.

"The authority for this action is contained in State Regulation Section(s) 348.1."

The provision cited in the notice, 18 NYCRR 348.1, explains what constitutes fraud in obtaining public assistance. When there is a showing of fraud, recoupment may be made pursuant to 18 NYCRR 352.31 (d) (2). This regulation allows recoupment of willfully obtained overpayments from current assistance grants irrespective of current income and resources.

The petitioner subsequently requested a fair hearing from the State Commissioner. At the outset of the hearing, the representative of the local agency stated that "the agency is

not alleging fraud in this case, the agency is simply stating that the Appellant received overpayments of assistance and * * * that these overpayments are recoverable."

Thus, the agency was now seeking recoupment pursuant to 18 NYCRR 352.31 (d) (1), which allows recoupment of any overpayment made within 12 months of discovery, as long as the recipient has other currently available income exclusive of the assistance grant.

After the hearing, the State Commissioner affirmed the reduction of petitioner's AFDC benefits. The petitioner then instituted this CPLR article 78 proceeding, *inter alia,* to review the State Commissioner's determination. The petitioner contends that the finding of overpayment was not supported by substantial evidence, that 18 NYCRR 352.31 (d) (1) (ii) is invalid insofar as it treats exempted incomes and "income disregards" as currently available income, and that the notice of reduction was defective because it specified the wrong basis for the reduction of benefits.

The petitioner's contentions are not persuasive and the State Commissioner's determination should be confirmed. On our reading of the appendix, substantial evidence supports the finding that the petitioner was overpaid as a result of the receipt of her 1976 Federal and State income tax refunds. Moreover, we find no infirmity in 18 NYCRR 352.31 (d) (1) (ii), the recoupment regulation. That provision was upheld in *McGraw v Berger* (537 F2d 719, cert den 429 US 1095), and we concur with the analysis rendered in that case.

The record establishes that petitioner was employed and was found by the State Commissioner to have a monthly "earned income exemption of $220.48, which is available income from which an overpayment may be recovered." This finding of "currently available income" has not been challenged and accordingly recoupment under the regulation was proper.

Finally, the written notice which misinformed the petitioner that her AFDC payments were to be reduced under the authority of 18 NYCRR 348.1, the fraud provision, was not fatally defective. It is true that a writing which specifies the wrong charge as a basis of welfare reduction deprives a welfare recipient of notice and due process *(Cruz v Lavine,* 45 AD2d 720). However, the written notice in this case recited the precise facts upon which the reduction was based and, in preparing to address the issue of fraud at the hearing, the

petitioner necessarily had to prepare to address the lesser charge of overpayment. Thus, the written notice did not deprive the petitioner of any substantial rights. The determination should, therefore, be confirmed.

DAMIANI, J. P., SUOZZI, LAZER and RABIN, JJ., concur.

Determination of the respondent State Commissioner, dated November 7, 1977, confirmed and proceeding dismissed on the merits, without costs or disbursements.