Determination unanimously confirmed, without costs. Memorandum: We find substantial evidence to support the commissioner’s finding after a fair hearing that: "The record establishes that appellant received $411.59 in overpayments of assistance to which she was not entitled due to her willful failure to report the receipt of income tax refunds in that amount.” (see 300 Gramatan Ave. Assoc, v State Div. of Human Rights, 45 NY2d 176; Matter of Vickers v Lavine, 56 AD2d 731). The proof was uncontradicted that before she received the refund checks, appellant received, signed and returned to the department two form letters pertaining to the subject of her income tax refunds both of which contained unambiguous and categorical directions that she should not cash or spend the refund checks. Appellant concedes that she cashed the checks and spent the money to repay loans and for personal purposes. The commissioner chose to discredit her testimony that she had been advised by her eligibility worker that she could spend the refund checks provided that she kept the receipts for her expenditures. There is no reference to such conversation in the case file which was properly received in evidence (see Vickers v Lavine, supra, p 732). The receipts which she produced did not corroborate her testimony. On this record, we cannot say that the commissioner’s determination was not supported by such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact. Appellant’s reliance on Matter of Van Wagner v Van Lare (57 AD2d 719) is misplaced. There, the recipient requested an adjournment for the purpose of calling as a witness the State employee who had signed a statement appearing in the file, and to obtain the testimony of his social services supervisor. The request was denied. Here, there was no request for an adjournment or for the production of any witness or item of evidence (CPLR art 78 proceeding transferred by order of Monroe Supreme Court.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.