Beth JAMROZ, and Ronald Hilbert, on behalf of themselves and their minor children residing with them, and all persons similarly situated, Plaintiffs,

v.

Barbara BLUM, as Commissioner of the New York State Department of Social Services; Muriel O'Connor, as Commissioner of the Sullivan County Department of Social Services; Richard J. Staszak, as Commissioner of the Schenectady County Department of Social Services; The County of Sullivan, a Municipal Corporation; and The County of Schenectady, a Municipal Corporation, Defendants.

No. 79–CV–183.

United States District Court, N. D. New York.

March 4, 1981.

**954**

McCabe & Mack, Poughkeepsie, N. Y., for plaintiffs; David L. Posner, Monticello, N. Y., of counsel.

Robert Abrams, Atty. Gen., of the State of New York, Albany, N. Y., for defendant Blum; Anne S. Meadvin, Asst. Atty. Gen., Syracuse, N. Y., of counsel.

William C. Rosen, County Atty., for Sullivan County, Monticello, N. Y., for defendants Muriel O'Connor and County of Sullivan Infirmary Road; S. Richard Gross, Liberty, N. Y., of counsel.

Frank Tedeschi, Schenectady, N. Y., for defendants Richard J. Staszak and County of Schenectady.

Mid-Hudson Legal Services, Inc., Monticello, N. Y., for plaintiffs; Joan E. Schmukler, Monticello, N. Y., of counsel.

## MEMORANDUM–DECISION

HOWARD G. MUNSON, Chief Judge.

The named plaintiffs, on behalf of themselves, their minor dependent children residing with them, and all persons similarly situated, have instituted a class action, civil rights suit for declaratory, injunctive, and monetary relief. Their claim is that the defendants' practice and policy of considering New York State Higher Education Services Corporation [HESC] loans as income under the AFDC program contravenes the Higher Education Act of 1965, the Supremacy Clause, the Equal Protection Clause of the Fourteenth Amendment, and various federal and state statutes and regulations regarding the AFDC program. Ms. Jamroz, on behalf of herself and a class she seeks to represent, additionally challenges the defendants' practice and policy of presumptively regarding non-exempt loan and grant monies as available income for the purpose of denying, reducing or terminating AFDC benefits, without regard to whether such monies are in fact available. Such a budgeting policy, Ms. Jamroz avers, violates the Due Process Clause of the Fourteenth Amendment, and several federal and state statutes and regulations concerning the AFDC program. Individually, Ms. Jamroz also seeks to enjoin the defendants Blum and O'Connor from reducing her AFDC benefits by virtue of their consideration of her HESC loan as non-exempt income. The gravamen of this claim is that any reduction would be without notice and opportunity to be heard, and thus violative of her rights to procedural due process, as guaranteed by the Due Process Clause of the Fourteenth Amendment, and by federal and state regulations governing the hearing process. Finally, Ms. Jamroz and Mr. Hilbert request various forms of restitution for themselves and for absent class members.

Presently before this Court are motions by the plaintiffs for class action certifications and for summary judgment, and by the defendants for consolidation and dismissal, or, in the alternative, for cross-summary judgment.

### I.

Ms. Jamroz and Mr. Hilbert have each been recipients of AFDC, Ms. Jamroz from the Sullivan County Department of Social Services and Mr. Hilbert from the Schenec-

tady County Department of Social Services. Both plaintiffs attended colleges during the 1978–1979 academic year, receiving HESC loans and other grants and loans to defray their educational expenses. After hearing appeals from the respective county departments of social services concerning the amount of AFDC benefits that the plaintiffs should receive, the State Commissioner concluded that the amount by which the HESC loans exceeded the plaintiffs' educational expenses should be regarded as non-exempt income and that this income should be prorated over the periods of the loans. The State Commissioner based these conclusions upon her administrative directive 77 ADM–134, which provides that HESC loans are "not made or insured by the U.S. Commissioner of Education/DHEW–Office of Education and therefore not exempt . . ." The parties appear to agree that had HESC loans been characterized as "federal", or as loans "made or insured" by the U.S. Commissioner, they would have been disregarded in determining AFDC eligibility. *See* Higher Education Act Amendments of 1968, § 507, Public Law 90–575, 82 Stat. 1014.

As a result of applying 77 ADM–134, the AFDC benefits of both plaintiffs were reduced. In this regard, Ms. Jamroz goes on to contend that the defendants improperly prorated over the academic year the amount by which the HESC loan and other non-exempt educational grants exceeded her educational expenses without regard to whether such excess monies were actually available. Specifically, the plaintiff avers that during the Fall semester, she received first a state-funded, non-exempt Tuition Assistance Plan [TAP] grant, all of which funds went to her college, and then a Basic Educational Opportunity Grant [BEOG], which the parties agree was properly disregarded by the defendants as an exempt federal grant. Next, in late October, Ms. Jamroz asserts that she secured an HESC loan, spending most of this money toward the purchase of a car, which was apparently the only means available for her to attend school, and the remainder of the loan on living expenses. In December, the plaintiff states that she received a notice from the Sullivan County Department of Social Services, informing her that it intended to reduce her AFDC benefits because of the "excess" funds from the TAP award. At a fair hearing, Ms. Jamroz attempted to demonstrate that she had depleted all monies from the educational grants, thus lacking the "excess" income attributed to her, and that the Department should regard her car as an educational expense. In her Decision After Fair Hearing, the State Commissioner apparently presumed all TAP, and HESC, monies in excess of the plaintiff's educational expenses to be currently available income, pursuant to 77 ADM–134.

Furthermore, Ms. Jamroz raises an individual claim concerning an alleged absence of adequate notice and opportunity to be heard on the matter of reducing her AFDC benefits. The initial notice that she received from the Sullivan County Department of Social Services regarding a reduction of benefits, Ms. Jamroz avers, concerned the TAP grant, and not the HESC loan. At the hearing relating to the TAP award, the presiding officer raised the issue of whether the HESC loan should have been included as an available resource, and informed the Department that the HESC loan should not have been treated as exempt income. Ms. Jamroz objected to a consideration of this issue, arguing that she was not prepared to address the matter because of a lack of notice. The Department then stated that it would provide the plaintiff with a new notice before it would increase the reduction on the basis of any finding that the HESC loan was non-exempt income. In her Decision After Fair Hearing, however, the State Commissioner authorized an increased reduction of AFDC benefits based upon the excess of HESC monies over educational expenses, but made no mention either of new notice to Ms. Jamroz or of the Department's statement before the hearing officer. Following this Decision, the Department informed the plaintiff that it would indeed reduce her AFDC benefits, and without new notice.

At issue in this action are the defendants' failures to disregard HESC loans, to ascertain whether any "excess" educational monies may in fact be actually available, and to provide Ms. Jamroz an additional notice of reduction.

## II.

Before turning to the merits of the plaintiffs' claims, it is first necessary to address the defendants' motion to consolidate *Jamroz* with *Markel v. Blum* 509 F.Supp. 942. Both cases concededly raise the common question of whether HESC loans are monies "made or guaranteed" by the Commissioner of Education.

Under Rule 42 of the Federal Rules of Civil Procedure, a court has the discretionary power to order consolidation when there is commonality of factual or legal issues. *See, e. g., Waldman v. Electrospace Corp.*, 68 F.R.D. 281 (S.D.N.Y.1975). Where, however, delay or undue prejudice would result from consolidation, a court generally ought to maintain separate actions. *See, e. g., Farbenfabriken Bayer A.G. v. National Distillers & Chemicals Corp.*, 324 F.Supp. 156 (S.D.N.Y.1971). Here, in view of the absence of a total identity of issues, consolidation would appear to unduly delay both actions. Accordingly, the motion to consolidate is denied.

## III.

The defendants move to dismiss the complaint for want of jurisdiction. With respect to this motion, the plaintiffs allege that this Court has jurisdiction under 28 U.S.C. § 1343(3). For the reasons set forth in *Markel*, the Court agrees with this allegation. *See Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979). In this regard, the constitutional claims asserted by both plaintiffs satisfy the substantiality requirements of *Hagans v. Lavine*, 415 U.S. 528, 536–37, 541, 543, 94 S.Ct. 1372, 1378–79, 1381, 1382, 39 L.Ed.2d 577 (1974), and thus this Court shall assume jurisdiction over the plaintiffs' pendent statutory claims. Moreover, the defendants' arguments concerning

abstention and the failure of the plaintiffs to exhaust State judicial remedies have been treated by this Court in *Markel*, and shall not be treated here.

Accordingly, because jurisdiction lies under § 1343, the defendants' motion to dismiss for want of jurisdiction is denied.

## IV.

Both plaintiffs seek class action certification under Fed.R.Civ.P. 23(a) and 23(b) on behalf of all persons who have had or will have their public assistance in the AFDC category terminated, reduced, or denied due to the defendants' practice and policy of treating loans insured by the HESC as income or resources for AFDC purposes. Ms. Jamroz also seeks to bring a separate class action suit pursuant to Fed.R. Civ.P. 23(a) and 23(b) on behalf of all persons who have had or will have their AFDC benefits reduced, terminated, or denied due to the defendants' policy and practice of treating the mere receipt of non-exempt educational loan and grant monies which exceed educational expenses as actually available income or resources, without regard to whether such non-exempt monies are in fact available during such period.

In order to receive class action certifications, the plaintiffs must satisfy the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a).

With respect to the numerosity requirement set forth in Rule 23(a)(1), the papers submitted by the plaintiffs regarding both proposed classes indicate that at least five persons at Ms. Jamroz' college alone were recipients of HESC loans and public assistance. Common sense would lead one to conclude that the number of persons statewide in the proposed classes is sufficiently large to warrant class action certification.

With respect to the commonality requirement contained in Rule 23(a)(2), the class which both plaintiffs seek to represent is alleged to raise a question of law common to all its members, namely, whether federal law and regulations and the Constitution

permit the defendants to count as income under the AFDC program educational loans insured by the HESC. All members of the class that Ms. Jamroz alone seeks to represent are alleged to present the common question of whether the Constitution, as well as federal and state law and regulations, permit the defendants to count as available income and resources, for the purpose of determining eligibility for an amount of assistance under the AFDC program, monies which have been previously spent and which are not presently available as actual income. Insofar as these questions indeed appear to underlie the claims of the members of the respective classes, the commonality requirement of Rule 23(a)(2) is met.

With respect to the criteria of Rule 23(a)(3) and (4), the asserted injuries of the named plaintiffs indeed typify the injuries of the absent class members, and both Ms. Jamroz and Mr. Hilbert, and their attorneys, appear capable of adequately and fairly representing the class members.

Having concluded that the plaintiffs meet the requirements of Rule 23(a), this Court must now consider whether the plaintiffs satisfy Rule 23(b)(2). In regard to the first proposed class, the plaintiffs aver that the defendants have acted or refused to act on grounds generally applicable to the class by their refusal to exempt HESC loans as income for AFDC purposes. In regard to the second proposed class, Ms. Jamroz contends that the defendants have again acted or refused to act on grounds generally applicable to the proposed class by their application of an irrebuttable presumption that non-exempt education loan and grant monies received in excess of educational expenses are actually available over the course of the entire school year to meet the student's needs, without regard to whether such excess grant and loan monies are in fact available. Given these averments, it appears that the threshhold requirements of Rule 23(b)(2) are met. Moreover, the plaintiffs have also satisfied the Second Circuit's standard in *Davis v. Smith*, 607 F.2d 535 (2d Cir. 1978), *vacated and remanded on other grounds*, 607 F.2d 540 (2d Cir. 1979), which requires the plaintiff to "present additional reasons for obtaining certification of the class under Rule 23(b)." *Id.* at 540. Because of the problems of enforcement and mootness, there is no just reason for the denial of certification under Rule 23(b)(2), and the defendants' arguments to the contrary are without merit. *See Markel v. Blum, supra.*

Accordingly, the plaintiffs' motions for class action certification are granted.

## V.

Turning now to the merits of this action, the Court is mindful of its duty to examine first the plaintiffs' non-constitutional arguments in order to avoid reaching constitutional questions. *See, e. g., Wolston v. Reader's Digest Association, Inc.*, 443 U.S. 157, 160–61 n. 2, 99 S.Ct. 2701, 2704 n. 2, 61 L.Ed.2d 450 (1979); *Califano v. Yamasaki*, 442 U.S. 682, 692, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). Thus, this Court shall address initially the plaintiffs' statutory claims.

## A.

The denial of the motion to consolidate in no way signifies that the issue resolved in *Markel* has no applicability here. Hence, to the extent that *Markel* held that HESC loans are loans "made or guaranteed" by the Commissioner of Education, the *Jamroz* plaintiffs have prevailed on their contention that, pursuant to Section 507 of the Higher Education Act Amendments of 1968, Public Law 90–575 and 45 C.F.R. § 233.20(a)(4)(ii)(d), the defendants should have disregarded HESC loans in determining eligibility for and amount of AFDC benefits. In view of this disposition, it is unnecessary to address the Equal Protection challenges to the defendants' practices.

## B.

The question raised by the plaintiff Jamroz and the class she represents is whether the defendants' policy, as reflected in 77 ADM–134, of deeming non-exempt grant and loan monies to be currently avail-

able income, for the duration of the school year, when these monies may not be actually available, violates 42 U.S.C. § 602(a)(7), 45 C.F.R. § 233.20(a)(3)(ii)(D), New York Soc. Serv. Law § 131–a(1), and 18 N.Y.C.R.R. §§ 352.16(a)(1), 352.29(b).

Contrary to the federal and state statutory and regulatory order, the representative plaintiff contends, the defendants have categorized "excess" non-exempt educational monies as available income without individualized inquiries into whether such funds are "actually available." In support of this argument, Ms. Jamroz asserts that all other types of income are neither prorated nor regarded as "available" after the resources have been depleted. Citing 18 N.Y.C.R.R. §§ 352.16(a), .23. *Cf*: 45 C.F.R. § 233.-20(a)(1)(i).

Responding to these arguments, the defendants note that, pursuant to 77 ADM–134, the State agencies regard as "available" only those non-exempt educational funds that are actually received. Thus, they argue, there is no presumption that the income is non-existent.

For the reasons set forth below, the Court agrees with the plaintiff's position.

### 1.

The State Commissioner's Administrative Directive 77 ADM–134 provides for the inclusion, and proration, of non-exempt educational monies as available income whenever they exceed necessary and essential educational expenses:

> [N]on-exempt grants, loans, scholarships or other income which is not necessary to meet school expenses is available to reduce or eliminate the need for public assistance and care ... Necessary and essential school expenses include but are not limited to tuition, books, fees, equipment, special clothing needs, transportation to and from school, and child care services necessary for school attendance.

> The local department of social services must determine if any portion of the grant, loan, scholarship, or other income is a resource available to reduce or eliminate the need for public assistance and care.

—If the student receives only grants or loans from federally administered or insured programs, the total amount is exempt regardless of the amount of essential school expenses.

—If the student receives monies for educational purposes only from sources other than federally administered programs, necessary and essential school expenses are deducted from the monies and the balance is treated as an available resource.

—If the student receives monies from federally administered or insured programs as well as other sources, necessary and essential school expenses are applied against *total* amount of the monies received for educational purposes. When such monies are in excess of expenses, the expenses are applied first against the exempt monies (i. e. funds from federally administered program) and then against non-exempt monies. Any balance which represents funds from non-exempt programs or other sources are an available resource which must be utilized to reduce or eliminate the need for public assistance and care.

—The non-exempt portion of a grant, loan or scholarship which is determined to be a resource should be prorated over the time period it is intended to cover, i. e. a semester or full school year. However, when a recipient does not receive the award at the beginning of the semester of a full year, the resource is not available and may not be applied to reduce need until the award is actually received. When the award is received, it is prorated over the remainder of the period it is intended to cover.

*See* 18 N.Y.C.R.R., § 352.16(c)(1). The methodology directed by 77 ADM-134, then, simply involves ascertaining the total amount of educational funds, and deducting from this sum various educational expenses. *Cf*: 18 N.Y.C.R.R., § 352.16(d)(1). In de-

fense of such a practice of assessing the availability of non-exempt funds, the State Commissioner suggests that this scheme has received at least tacit approval by the New York Court of Appeals in *Lumpkin v. New York State Department of Social Services,* 45 N.Y.2d 351, 380 N.E.2d 249, 408 N.Y.S.2d 421, *appeal dismissed,* 439 U.S. 1040, 99 S.Ct. 713, 58 L.Ed.2d 700 (1978). *See Clemente v. Fahey,* 60 A.D.2d 938, 401 N.Y.S.2d 599 (3d Dep't.), *rev'd. on other grounds,* 45 N.Y.2d 756, 380 N.E.2d 332, 408 N.Y.S.2d 506 (1978). *Cf: Hayes v. City University of New York,* 454 F.Supp. 1118, 1123 (S.D.N.Y. 1978).

Of course, 77 ADM–134 is only a small part of the larger AFDC regulatory scheme. In this regard, Section 402(a)(7) of the Social Security Act, 42 U.S.C. § 602(a)(7), provides that, in determining AFDC eligibility, a state agency "shall ... take into consideration any ... income and resources of any child or relative claiming aid ..." The Department of Health and Human Services, the agency charged with the enforcement of federal AFDC standards, has interpreted this statute as requiring that any included income must be "available":

> [I]n determining need and the amount of the assistance payment, ... [n]et income available for current use and currently available resources shall be considered.

45 C.F.R. § 233.20(2)(3)(ii)(D). *See Shea v. Vialpando,* 416 U.S. 251, 262, 94 S.Ct. 1746, 1754, 40 L.Ed.2d 120 (1974); *Lewis v. Martin,* 397 U.S. 552, 555 and n. 6, 90 S.Ct. 1282, 1284 and n. 6, 25 L.Ed.2d 561 (1970); *King v. Smith,* 392 U.S. 309, 319 n. 16, 88 S.Ct. 2128, 2134 n. 16, 20 L.Ed.2d 1118 (1968). As defined in this regulation, which was revised in 1975, "available" refers to "actually available" income, and, includes liquidated sums in which the AFDC recipient has a legal interest and "the legal ability to make such sums available for support and maintenance." 45 C.F.R. § 233.20(a)(3)(ii)(D). *See* 40 Fed.Reg. 30963 (July 24, 1975); 40 Fed. Reg. 12507 (March 19, 1975); 38 Fed.Reg. 18254 (July 9, 1973). *Cf: Randall v. Goldmark,* 495 F.2d 356, 361 (1st Cir.), *cert. denied,* 419 U.S. 879, 95 S.Ct. 144, 42 L.Ed.2d 119 (1974) (pre-1975 regulation)

(test for availability is whether mortgage payments by spouse were "actually used to defray expenses which [the AFDC] recipient would otherwise incur"). Another regulation requires that "all types of income ... be taken into consideration in the same way except where otherwise authorized by Federal statute ..." 45 C.F.R. § 233.-20(a)(1)(i).

The State of New York follows, as it must, these federal requirements. Thus, in its discussion of the method for calculating AFDC eligibility, N.Y.Soc.Serv.Law § 131–a states that "[p]rovision for [AFDC applicants], for all items of need, less any available income or resources which are not required to be disregarded, ... shall be made in accordance with this section." The regulations of the Department of Social Services, in accordance with the "availability" requirement, amplify this statute. For example, 18 N.Y.C.R.R. § 352.16(a), which expresses the general policy regarding the exemption of income and resources, specified that

> [a]ll income and resources of an applicant for or recipient of [AFDC] ... shall be considered in order to determine its availability; such income and resources shall be reasonably evaluated; and, when determined to be available, after policies governing the exemption and disregard of such income and resources have been applied, shall be applied towards meeting the needs of an individual and his dependents.

*See* 18 N.Y.C.R.R. § 352.23. Also, the budgeting procedures set forth in 18 N.Y.C.R.R. § 352.29 require local agencies to assess "available income and/or resources."

With respect to the judicial authority in this area, courts that have reviewed various programs under the Social Security Act have routinely invalidated presumptions which assume the availability of resources or income that do not in fact exist, and which thus "result in the denials of benefits to eligible individuals without reference to actual need." *Longey v. Philbrook,* 438 F.Supp. 264, 269 (D.Vt.1977). *See, e. g., Shea v. Vailpando,* 416 U.S. 251, 94 S.Ct.

1746, 40 L.Ed.2d 120 (1974); *Lewis v. Martin*, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970); *King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); *Brown v. Stanton*, 617 F.2d 1224 (7th Cir. 1980) (U.S. appeal pending); *McLaughlin v. Wohlgemuth*, 535 F.2d 251 (3d Cir. 1976); *National Welfare Rights Organization v. Mathews*, 533 F.2d 637 (D.C. Cir. 1976); *Green v. Barnes*, 485 F.2d 242 (10th Cir. 1973); *Kando v. Chang*, 475 F.Supp. 367 (D.Hawaii 1979); *Swift v. Toia*, 461 F.Supp. 578 (S.D.N.Y.1978), aff'd sub nom. *Swift v. Blum*, 598 F.2d 312 (2d 1979) (per curiam), *cert. denied*, 444 U.S. 1025, 100 S.Ct. 687, 62 L.Ed.2d 658 (1980); *Bruckner v. Maher*, 424 F.Supp. 366 (D.Conn.1976), aff'd, 434 U.S. 898, 98 S.Ct. 290, 54 L.Ed.2d 184 (1977); *National Welfare Rights Organization v. Weinburger*, 377 F.Supp. 861 (D.C.D.C. 1974); *Wilczynski v. Harder*, 323 F.Supp. 509 (D.C.Conn.1971); *Leone v. Blum*, 73 A.D.2d 252, 425 N.Y.S.2d 836 (2d Dep't. 1980); *Reid v. Toia*, 72 A.D.2d 465, 424 N.Y.S.2d 964 (4th Dep't. 1977); *Snowberger v. Toia*, 60 A.D.2d 783, 400 N.Y.S.2d 648 (4th Dep't. 1977). *See also Jacquet v. Westerfeld*, 569 F.2d 1339, 1342–43 (5th Cir. 1978); *Swasey v. Whalen*, 562 F.2d 831, 834 (1st Cir. 1977); *Martinez v. Maher*, 485 F.Supp. 1264, 1270 (D.Conn.1980); *Powell v. Austin*, 427 F.Supp. 749, 751 (E.D.Va.1977); *Gardenia v. Norton*, 425 F.Supp. 922, 926–27 (D.Conn.1976). Additionally, the Supreme Court has admonished the judiciary to heed the Congressional intent that "the determination of need in each [AFDC] case is to be based upon an assessment of the particular individual's available income and resources." *Shea v. Vialpando*, 416 U.S. at 261–62, 94 S.Ct. at 1754–55. *See also Brown v. Stanton*, 617 F.2d at 1226–27 (medicaid). In this same vein, one state court has commented that "when uncontroverted testimony was that income from social security was expended, it may not be concluded that the same income is 'actually available' for support." *Snowberger v. Toia*, 60 A.D.2d at 784, 400 N.Y.S.2d at 650.

Courts in the State of New York have applied these standards as they have developed a body of case law concerning the treatment of educational funds in the determination of public assistance benefits. Thus, the New York Court of Appeals has noted that "no part of a grant that is necessary to cover the cost of necessary or essential school expenses, ... *and is actually so used*, shall be considered as income in determining need and amount of assistance." *Lumpkin v. Department of Social Services*, 45 N.Y.2d at 355, 380 N.E.2d at 251, 408 N.Y.S.2d at 423. The Fourth Department has elaborated the thrust of the "availability" requirement: "If a TAP grant is *actually used for tuition*, it is restricted and not available income ...; however, if a portion of the TAP grant is *not used for tuition* and is *actually paid to the recipient*, it may be considered as available income." *Tavarez v. Sipprell*, 62 A.D.2d 631, 405 N.Y.S.2d 531, 536 (4th Dep't. 1978). The critical role of individualized inquiries also has received emphasis:

> [G]rant recipients should be allowed to establish legitimate and necessary education-related expenses such as fees, transportation, child care, books, and materials ... If it is determined after such computations that there are additional funds remaining in State educational grants which are not necessary for educational expenses, those funds may be used as available resources to offset AFDC grants.

*Id.* at 639, 405 N.Y.S.2d at 536.

2.

Under these federal and state requirements, the defendants' actions in this case cannot pass muster. As patently evidenced by the State Commissioner's Decision After Fair Hearing, the state AFDC administrators, in applying 77 ADM–134, utilize the most wooden of mathematical formulas, merely totaling the amount of educational funds and costs, and using all non-exempt funds in excess of educational costs to reduce the amount of AFDC benefits. No individualized attention is given to the situations of AFDC applicants or recipients; no effort whatsoever is made to ascertain the amount of educational funds actually used

towards educational expenses; no inquiry is made into whether the AFDC applicant or recipient actually has received any funds that could be available for living needs; no consideration is given to the actual need of the AFDC applicant or recipient. In short, the defendants' application of 77 ADM–134 ignores as non-existent the statutory, regulatory, and judicial requirements of both state and federal law.

Accordingly, the plaintiff's motion for judgment as to this issue is granted. In view of this disposition, it is unnecessary to consider the plaintiff's "irrebuttable presumption" argument under the Due Process Clause.

## C.

■ The individual claim of Ms. Jamroz presents the issue of whether the State Commissioner's Decision After Fair Hearing, which ordered an increased reduction of AFDC benefits based upon the inclusion of the HESC loan, violates 45 C.F.R. § 205.10, 18 N.Y.C.R.R. § 358.8, and the procedural protections offered by the Due Process Clause to the Fourteenth Amendment. The basis for this argument rests upon the undisputed fact that the plaintiff received notice only of the local agency's intent to reduce her AFDC benefits to reflect her receipt of the TAP award, not of the HESC loan. Responding to this challenge, the State Commissioner argues that, pursuant to the review powers conferred upon her by N.Y.Soc.Serv.Law § 22, she merely corrected the "erroneous" legal determination by the local agency to disregard the HESC loan as income.

Assuming *arguendo* that Section 22 indeed extends broad administrative powers to the State Commissioner, this statute does not, and, indeed, cannot, exempt actions by the Commissioner from the strictures of the procedural safeguards that are set forth under state and federal law, and that inhere in the Due Process Clause. By its own terms, Section 22 specifies that the Commissioner shall comply with the law:

[T]he commissioner shall make such decision as is justified and is in conformity with the provisions of this chapter, the regulations of the department, a comprehensive annual services program plan then in effect pursuant to title twenty of the federal social security act and any other applicable provisions of law.

In this regard, among other requirements of federal and state law is *timely and adequate written notice.* As set forth in 45 C.F.R. § 205.10(a)(4)(i)(A) & (B), which embodies the Due Process standards set forth in *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), *see* 45 C.F.R. § 205.10(a)(1)(ii), timely and adequate notice means written notice that "is mailed at least 10 days before ... the date upon which the action would become effective" and that includes, *inter alia,* "a statement of what the agency intends to take, the reasons for the intended agency action, [and] the specific regulations supporting such action ..." *Cf: Vickers v. Lavine,* 56 A.D.2d 731, 392 N.Y.S.2d 753 (4th Dep't. 1977) (sustaining notice that cited incorrect regulations). The "timely and adequate notice" regulation of the State Commissioner tracks closely, but not exactly. the language of this federal provision. *See,* 18 N.Y.C.R.R. § 358.8. A separate State regulation contains the requirement that the notice must apprise the recipient "of the issues which are to be the subject of the hearing." 18 N.Y.C.R.R. § 358.11(e).

These standards of notice have been strictly construed by the courts. *See, e. g., Dilda v. Quern,* 612 F.2d 1055, 1057 (7th Cir.), *cert. denied sub nom. Miller v. Dilda,* 447 U.S. 935, 100 S.Ct. 3039, 65 L.Ed.2d 1130 (1980). New York State courts, facing what appears to be a recurring problem, have enforced with particular vigor the criteria governing notice. *See, e. g., Capek v. Blum,* 76 A.D.2d 924, 429 N.Y.S.2d 265 (2d Dep't. 1980); *Foster v. D'Elia,* 72 A.D.2d 813, 421 N.Y.S.2d 905 (2d Dep't. 1979); *Trombley v. Lascaris,* 49 A.D.2d 1028, 374 N.Y.S.2d 848 (4th Dep't. 1975). Indeed, several courts have addressed issues analogous to the question raised by the plaintiff. For example, in *Cruz v. Lavine,* 45 A.D.2d 720, 356 N.Y.S.2d 334 (2d Dep't. 1974), the court

held invalid a notice that recited an incorrect charge as the basis for a reduction of benefits. Citing *Murray v. Murphy*, 24 N.Y.2d 150, 247 N.E.2d 143, 299 N.Y.S.2d 175 (1969). *Cf: Herring v. Blum*, 68 A.D.2d 64, 416 N.Y.S.2d 624 (2d Dep't. 1979). Other courts have followed this position, striking down agency determinations that rest upon matters not set forth in the notice of discontinuance. *See, e. g., Skerret v. Berger*, 55 A.D.2d 915, 390 N.Y.S.2d 444 (2d Dep't. 1977); *Ryan v. New York State Department of Social Services*, 40 A.D.2d 867, 338 N.Y.S.2d 162 (2d Dep't. 1972); *Barnes v. Reed*, 84 Misc.2d 124, 374 N.Y.S.2d 898 (Sup.Ct., Monroe Co. 1975); *Ramsey v. Lavine*, 82 Misc.2d 322, 368 N.Y.S.2d 370 (Sup. Ct., Rockland Co. 1975). *See also In re Ruffalo*, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968); *Dreher v. Smith*, 65 A.D.2d 572, 409 N.Y.S.2d 26 (2d Dep't. 1978).

Under these federal and state standards, the action taken by the State Commissioner in this case cannot stand. Ms. Jamroz received no prior written notice that her receipt of the HESC loan would be subject to scrutiny, and thus was deprived of an effective opportunity to establish the unavailability of such funds. At the very least, the State Commissioner should have remanded the cause back to the local agency, with instructions that the department issue new notice.

Accordingly, the plaintiff Jamroz's motion for summary judgment on this issue is granted.

## VI.

Turning now to the scope of relief, the named plaintiffs have requested restitution of wrongfully withheld benefits, preliminary injunctive remedies, and declaratory and injunctive relief. To the extent, however, that, by stipulation, the county agencies have not reduced the benefits of Ms. Jamroz and Mr. Hilbert, the named plaintiffs' requests for monetary and preliminary injunctive relief appear moot. Of course, mootness of these specific claims in no way affects an award of notice and restitution to eligible class members against the county defendants, such award not being barred by the Eleventh Amendment. *See Markel v. Blum,* 509 F.Supp. 942.

█ Finally, the plaintiffs also request attorneys' fees. As prevailing parties, the Court concludes that such fees are appropriate against the State Commissioner in her official capacity. *See id.*

## VII.

For the foregoing reasons, the plaintiffs' motion for class action certifications, summary judgment, and attorneys' fees are granted. The defendants' motions for consolidation, dismissal of the complaint, and cross-summary judgment are denied.

A separate order will follow.

## JUDGMENT–ORDER

Upon all the proceedings had herein, this Court having on March 3, 1981, issued its findings of fact, conclusions of law, and final decision on the merits, it is

ORDERED, that the defendants' motions for consolidation, dismissal, and cross summary judgment are denied in all respects; and it is further

ORDERED, that this action is maintainable as two class actions pursuant to Fed.R. Civ.P. 23(a) and 23(b)(2). One class consists of all persons who have had or will have their public assistance in the AFDC category terminated, reduced, or denied due to the defendants' practice and policy of treating loans insured by the HESC as income or resources for AFDC purposes. The second class consists of all persons who have had or will have their AFDC benefits reduced, terminated, or denied due to the defendants' policy and practice of treating the mere receipt of non-exempt educational loan and grant monies which exceed educational expenses as actually available income or resources, without regard to whether such non-exempt monies are in fact available during such period; and it is further

ORDERED, ADJUDGED, and DE-CREED, pursuant to Fed.R.Civ.P. 57 and 28 U.S.C. § 2201, that the defendants' practice and policy of counting HESC loans which are part of the GSL program as income and resources for AFDC purposes have been and are illegal and unconstitutional in that they conflict with the Social Security Act and regulations issued thereunder; and it is further

ORDERED, ADJUDGED, and DE-CREED, that the defendants' practice and policy of denying, reducing, or eliminating AFDC benefits on account of non-exempt loan and grant monies that exceed educational expenses, without an individualized inquiry into whether such monies are actually available, have been and are illegal and unconstitutional in that they conflict with federal and state statutes and regulations; and it is further

ORDERED, ADJUDGED, and DE-CREED, that the defendant BARBARA BLUM's action in her official capacity of ordering a reduction of Ms. Jamroz's AFDC benefits without first providing the plaintiff with timely and adequate written notice was illegal and unconstitutional in that it conflicts with federal and state statutes and regulations and violates the Due Process Clause to the Fourteenth Amendment; and it is further

ORDERED, that the defendants, their successors, assigns, and employees be and they hereby are enjoined from counting as income for AFDC purposes loans insured by the HESC, and are directed to exempt such loans in determining eligibility for, and amount of, AFDC benefits; and it is further

ORDERED, that the defendants, their successors, assigns, and employees be and hereby are enjoined from denying, reducing, or eliminating AFDC benefits on account of non-exempt monies received from educational grants and loans which exceed educational expenses without an individualized determination of whether such monies are actually available for use; and it is further

ORDERED, that the defendant BARBARA BLUM, as Commissioner of the New York State Department of Social Services, or her successors in office, and the defendant MURIEL O'CONNOR, as Commissioner of the Sullivan County Department of Social Services, be and they hereby are enjoined from ordering or enforcing any reduction of Ms. Jamroz's AFDC benefits without first providing the plaintiff with timely and adequate written notice, and with the other procedural safeguards guaranteed by the Due Process Clause to the Fourteenth Amendment and by federal and state law; and it is further

ORDERED, that the defendant BARBARA BLUM, as Commissioner of the New York State Department of Social Services, or her successors in office, be and they hereby are directed to give immediate notice to the appropriate local Department of Social Services of the effect of this Judgment-Order and of the accompanying Memorandum-Decision, such notice to include, but not be limited to, amendments of all publications, directives, and other documents issued by the New York State Department of Social Services; and it is further

ORDERED, that the defendant BARBARA BLUM, as Commissioner of the New York State Department of Social Services, or her successors in office, be and they hereby are directed to give notice or cause the appropriate local Departments of Social Services to give notice in writing within 30 days of the date of this judgment to all members of the two classes, such notice to apprise these persons of this Court's decision and to inform them that they may pursue any claims they have through state administrative or judicial forums; and it is further

ORDERED, ADJUDGED, and DE-CREED, that the plaintiffs have judgment for costs and attorneys' fees, in an amount to be fixed by the Court upon submission of papers, against the defendant BARBARA BLUM, as Commissioner of the New York State Department of Social Services, or her successors in office.